## BENJAMIN S. BROOKS, Respondent, *v.* JOHN S. HAGER Defendant, and WM. M. LENT, Intervenor and Appellant.

The sixteenth and seventeenth sections of the Practice Act, and the seventy-second, seventy-third and seventy-fourth sections of the Amendments of 1854 to the Practice Act, give a party the right to intervene in an action in case of the transfer of any interest during the pendency thereof, or where he is directly interested in the subject matter in litigation, and this can be done either before or after issue has been joined in the case.

APPEAL from the Superior Court of the City of San Francisco.

The facts material to the points decided, appear in the opinion of the Court.

*Jo. G. Baldwin,* for Intervenor.

Cited the Prac. Act, §§ 16, 17, 659, 660, 661, 662. 1 Story's Eq. Jurisp., §§ 405. 406.

Respondent, *pro se.*

No brief on file.

MURRAY, C. J., delivered the opinion of the Court. BRYAN, J., concurred.

Hager, the original defendant in this suit, filed his answer in the Court below, in the nature of a disclaimer, denying that he had any interest in the property in controversy, and alleging that he had sold the same to Lent.

Lent sought to intervene and defend, which was refused by the Court, from which order this appeal is now brought.

The simple question presented for consideration, is the right of a third person under our statute to be made a party, where he is directly interested in the subject matter in litigation. The rule as it existed upon this subject, both at law and in chancery, has been altered by the Practice Act of this State, by the sixteenth and seventeenth sections of which it is provided, that in case of the transfer of any interest in the action during the pendency, the suit may be continued in the name of the original party, or the Court may allow the person to whom the transfer is made, to be substituted in the action. Again, it is provided that the Court shall order parties to be brought in, if there cannot be a complete determination of the action, without prejudice to their interests. By the seventy-second section of the Act regulating Civil Cases, passed May 13th, 1854, it is expressly provided that "a third person may intervene either before or after issue has been joined in the case."

The sections thus quoted, as well as the seventy-third and seventy-fourth sections of the same Act, would seem to give the appellant this right,—and it would be truly hard in this case, which is a bill in Chancery to quiet title, if Lent, who bought *pendente lite,* and who would be bound by the decree, was not allowed to be heard, particularly under the state of the pleadings.

The only objection which we are aware of, is the one urged by the Respondent; that such transfers may be made *ad infinitum,* and thus justice may be entirely frustrated or delayed.

We do not think such consequences need reasonably be apprehended.

No one will willfully thrust himself into a controversy where he is sure to be mulct in cost for his mendacity, and the seventy-fourth section of the Act has sufficiently protected litigants from delay by providing that the Court shall determine upon the intervention at the same time the suit is decided.

We are of opinion that the Court below erred, in not permitting the appellant to intervene.

Judgment reversed, with costs.