ANDREW GLEASON, Complainant and Appellant,

*vs.*

ELLEN GLEASON, Defendant and Appellee.

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF KENOSHA COUNTY.

The Circuit Court have authority under our Revised Statutes, to make a decree divorcing parties from the bonds of matrimony, although the guilty party has never resided in this state, and although the acts constituting the cause for divorce were committed within a foreign jurisdiction.

Evidence tending to show a violation of the marriage contract on the part of the respondent to a bill for divorce in a foreign state, is pertinent and proper.

It is not sufficient for the complainant in a bill for divorce, that the wife (the respondent) refused to live with him in a foreign state, and also refused to emigrate with him to his present place of residence. But the complainant, in order to entitle himself to a decree granting a divorce on the ground of wilful desertion, must also show that the wife *unreasonably* refused to live and to emigrate with him.

To make the wife's refusal to live with the husband, amount to wilful desertion, the complainant must show that his conduct was such as, at least, to make it safe for her to live with him.

BILL for divorce filed in the Circuit Court of Kenosha county by the complainant against the respondent. The bill states that the complainant intermarried with the defendant in the state of Massachusetts, on or about the 20th day of August, A. D. 1836; that the parties thenceforth lived together as husband and wife in said state, until about the 1st of April, 1837, when the complainant proposed to his wife, the defendant, to remove to Wisconsin for the purpose of bettering his condition, and had frequently proposed doing so in order to avail himself of the cheapness of land, and to be better enabled to secure a competence; but to all such propositions and appeals, the defendant turned a deaf ear, and utterly refused to accompany him to said state of Wisconsin. That the complainant, in the month of April, 1837, removed to Wisconsin, and at that time urged the defendant to accompany him, which she absolutely refused to do, and wilfully left and deserted the complainant without any just provocation; that he had since frequently requested and urged the defendant

to come to his house in Wisconsin and live with him, offering to pay all necessary expense, and to furnish all necessary means to that end, but the defendant had refused all such offers, and had deserted the complainant for the space of one year and more, &c.

. The usual subpœna was issued and returned, and upon due proof that the defendant was a non-resident, the usual order of publication was made and published.

No appearance having been entered by the defendant, the cause was referred to a commissioner to take testimony, which was duly reported to the court, and on the final hearing the court below dismissed the bill for want of jurisdiction, on the ground that the marriage took place in Massachusetts, that the defendant had never been a resident of this state, and that the cause (of desertion) occurred in another state.

From this decree the appellant appealed. The substance of the testimony submitted on the hearing is repeated in the opinion of the court.

*H. B. Towsley*, for the complainant, appellant.

*By the Court*, WHITON, C. J. This court, in the case of *Hubbell vs. Hubbell* (3 *Wis. Rep.* 662), felt bound to follow the case of *Manly vs. Manly*, decided by the Supreme Court under its former organization (4 *Chandler Rep.* 96).

By these cases it was decided, that in cases of divorce our Circuit Courts have jurisdiction under our Revised Statutes to make a decree divorcing the parties from the bands of matrimony, although the guilty party has never resided in the state, and although the acts which constituted the cause for the divorce were committed in a foreign jurisdiction. We do not feel inclined, while our statutes remain unchanged, to disturb the authority of these cases. The testimony, therefore, which was taken to show a violation of the marriage contract on the part of the respondent in the state of Massachusetts, was pertinent and proper. But we are of opinion that it is insufficient to establish the desertion set up in the bill. The only witness examined (Margaret Muldam), the sister of the complainant, testifies that the complainant requested the respondent to emigrate with him to Wisconsin,

and that she refused to do so; and that after the husband had removed here, the witness being about to remove herself to Wisconsin, offered to bear her expenses if the defendant would come on with her, but she refused. The witness further testified that the defendant refused to live with the complainant in Massachusetts before he left that state.

We suppose that the husband must be regarded as the head of the family, and as such is clothed with authority to decide where the family shall reside; and if the wife unreasonably refuse to change her residence, when requested to do so by the husband, and the husband in consequence is deprived of the society of the wife in the new home which he has selected, such conduct on the part of the wife will amount to wilful desertion under our statute. But when the husband seeks a divorce for such cause, the testimony should show that the refusal of the wife is unreasonable. It should show, at least, that the bodily health is sufficient to withstand the fatigues and hardships of the journey to the new home. A journey from the state of Massachusetts to Wisconsin, in the year 1837, when the complainant changed his residence, could not be performed in safety by a female in feeble health; and as there is no testimony on the subject of her health, nor in regard to any other facts which would tend to show whether her refusal to emigrate with her husband was reasonable or unreasonable, we think that this refusal does not prove wilful desertion under the statute.

We do not think that the fact that the defendant refused to live with the complainant in the state of Massachusetts, of itself shows wilful desertion. It may have been very proper for her to refuse; the conduct of the husband may have been such as to make the course which she adopted the only one compatible with her personal safety.

To make her refusal to live with the husband amount to desertion, the husband should have shown that his conduct was such as, at least, to make it safe for his wife to live with him; but no testimony of this kind appears in the case. All that appears as a cause for divorce is, that the wife refused to live with her husband in Massachusetts, and to emigrate with him to Wisconsin, and these facts may all be true and the defendant have violated no duty. The decree of the court below must therefore be affirmed.