## SHAFER vs. BUSHNELL.

*Jurisdiction — Divorce.*

1. It is settled by judicial decisions in this state, that the courts thereof have jurisdiction to grant a divorce for acts of cruelty at the suit of one who has resided here one year, although the marriage and the alleged cruelty occurred in another state, where defendant still resides, and the summons was by publication only, without actual notice.
2. This court must therefore hold that the courts of Minnesota, under a similar statute, have a like jurisdiction.

APPEAL from the Circuit Court for *Winnebago* County.

In July, 1864, Mary Jane Shafer, then the wife of *Peter V. Shafer*, the plaintiff in this action, removed, without the knowledge of her husband, to the state of Minnesota; and, in July, 1865, brought suit, in the district court of Stearne county in that state, for a divorce *a vinculo*, on the grounds of cruel and inhuman treatment, and that the parties could not live in peace and happiness together, and that their welfare required a

separation.*· The complaint in that suit stated that the parties had resided in Omro, in this state, but that the plaintiff therein had not heard from her said husband for over one year then last past, and was entirely ignorant of his then present residence. She also filed an affidavit, which stated that her parents then resided at said Omro, and that from them she had learned that said *Peter V. Shafer* had left Omro, and did not then reside therein, and that she was entirely ignorant of his place of residence, "or the whereabouts of said defendant." The district court thereupon made an order, which recites that it appeared from said complaint and affidavit that plaintiff was ignorant of "the residence and whereabouts" of said defendant, and for this cause the summons and complaint could not conveniently be served on said defendant personally, and directs the summons to be served upon said *Peter V. Shafer*, by publication, in a prescribed manner.† In October, 1865, said district court rendered a judgment of divorce *a vinculo*, in the usual form. It appears that, in 1867, said Mary Jane Shafer, and the present defendant, *Bushnell*, were inter-

---

* Sec. 1, ch. 53, Statutes of Minnesota, as compiled in 1858, provides that "a divorce from the bonds of matrimony may be adjudged and decreed by the several district courts, on suit brought in the county where the parties, or either of them, reside, for either of the following causes : * * * 5. Where the treatment of the wife by the husband has been cruel and inhuman, whether practiced by using personal violence, or by any other means. * * * * 7. When it shall be made fully to appear that, from any other reason or causes existing, the parties cannot live in peace and happiness together, and that their welfare requires a separation." Sec. 8 provides that "no divorce shall be granted, unless the complainant shall have resided in this territory one year immediately preceding the time of exhibiting the complaint," with certain specified exceptions not applicable here. Sec. 50, ch. 60, of the same revision, provides for service, by publication, of summons in actions for divorce; and sec. 51 provides that, "in case of publication, the court or judge must also direct a copy of the summons and complaint to be forthwith deposited in the post-office, directed to the defendant at his place of residence, unless it shall appear that such residence is not known to the party making the application."

† The printed case does not show that there was actual publication of the summons in pursuance of the order, or that there was any proof of such publication in the judgment roll as offered in evidence in this action, or that the judgment in the divorce suit recited the fact of such publication. It is presumed, however, that the record in that suit was regular in these respects, as the counsel for the plaintiff in the present action do not intimate the contrary.—REP.

married, and that they subsequently lived together as husband and wife in this state.   In May, 1868, *Peter V. Shafer* commenced this action against *Bushnell* for alleged criminal intercourse with his said former wife, claiming that she was still his wife ; and the only question at issue was as to the validity of the judgment of divorce.   After defendant had put in evidence the statutes of Minnesota, cited in the margin (*supra*), he offered in evidence the judgment roll in the divorce suit.   It was objected to on the ground that the Minnesota district court in that suit did not appear to have acquired jurisdiction either of the subject-matter or of said *Peter V. Shafer*.   Objection overruled, and the evidence received. Plaintiff then offered to show that Mary Jane Shafer resided in Omro, in this state, up to the 20th of July, 1864, and had also been an actual resident of this state since October 20, 1865, and went to Minnesota and resided there temporarily merely for the purpose of getting a divorce ; that, at the time she made an affidavit for an order of publication of summons, she knew that her husband lived in the village of Omro, and had done so since 1859, and that he had also a brother and sister residing there, with whom he made his home, and that, if he had left or was absent from Omro, a letter directed to him there would reach him ; and that she intentionally took the steps she did to prevent him from having any notice of said divorce proceedings ; and that said proceedings were fraudulent.   The court ruled out this evidence, and instructed the jury to find for the defendant.   Verdict and judgment accordingly ; and plaintiff appealed.

*Gabe Bouck*, for appellant, to the point that the judgment of divorce was void because the court by which it was rendered had not acquired jurisdiction of the defendant therein, cited *Falkner v. Guild*, 10 Wis. 563 ; *Frink v. Sly*, 4 id. 310 ; *Rape v. Heaton*, 9 id. 328 ; *Fladland v. Delaplaine*, 19 id. 459 ; *Pollard v. Wegener*, 13 id.

Shafer vs. Bushnell.

569 ; *In re Booth*, 3 id. 157 ; *Jarvis v. Barrett*, 14 id. 591 ; *Borden v. Fitch*, 15 Johns. 140 ; *Jackson v. Jackson*, 1 id. 424 ; *Pawling v. Willson*, 13 id. 192 ; *Andrews v. Montgomery*, 19 id. 162 ; *Starbuck v. Murray*, 5 Wend. 157 ; *Shumway v. Stillman*, 6 id. 448 ; *Bradshaw v. Heath*, 13 id. 407 ; *Lazier v. Westcott*, 26 N. Y. 146 ; *Vischer v. Vischer*, 12 Barb. 646 ; *Hill v. Hill*, 28 id. 23 ; *Harrod v. Barretto*, 1 Hall, 155 ; 2 id. 302 ; *Wilson v. Niles*, id. 358 ; *Aldridge v. Kinney*, 4 Conn. 380 ; *Sears v. Terry*, 26 id. 273 ; *Judkins v. Ins. Co.*, 37 N. H. 470 ; *D' Arcy v. Ketchum*, 11 How. (U. S.) 165 ; *Winston v. Taylor*, 28 Mo. (7 Jones), 82 ; *Bissel v. Briggs*, 9 Mass. 462. Counsel also argued that, in the case of *Hubbell v. Hubbell*, 3 Wis. 662, this court did not claim that the judgment would affect persons or property out of the state, but intimated that such judgment would be of no effect in foreign states.

*Gary & Burnell* and *Felker & Weisbrod*, for respondent, as to the jurisdiction of a state court to decree a divorce where the defendant is not a resident of the state, cited 4 Chand. 97 ; 3 Wis. 662 ; 4 id. 64 ; *Tolen v. Tolen*, 2 Blackf. 407 ; *Ditson v. Ditson*, 4 R. I. 87 ; *Thompson v. The State*, 28 Ala. 12 ; *Harding v. Alden*, 9 Greenl. 140 ; 2 Kent's Com. *110, note A. The district court having had jurisdiction, its judgment must have the same effect here as in Minnesota. *Rape v. Heaton*, 9 Wis. 328. The real ground of the decisions in New York and Massachusetts, refusing to recognize judgments of divorce rendered by the courts of other states under like circumstances, for causes not recognized by the laws of the former states, is, that they were in fraud of their law. But a divorce in Minnesota, from a Wisconsin marriage, for a cause and under circumstances which give the court jurisdiction under the statutes of both states, is not a fraud upon the law of either. 2. The defendant in the divorce suit could not impeach the judgment collaterally for fraud. 2 Phil. Ev. 47, 48, 95, 96, and C. & H.'s note,

291; 3 Doug. 313; 3 Cranch, 300, 306, 307; 1 Wheat. 447; 3 Amb. 763; *Johnson* v. *Coleman*, 23 Wis. 452.

COLE, J. It appears to us that the decree of the district court of Minnesota, dissolving the marriage between Mrs. Shafer and her husband, must be deemed conclusive in this state, in respect to the *status*, or domestic and social condition, of the wife. That decree was rendered by a court of general jurisdiction, and for a cause and under circumstances which would authorize the courts of this state to dissolve the marriage. Mrs. Shafer had her actual, *bona fide* domicil in Minnesota, and had resided there for a year when she applied for a divorce. It seems that she and her husband had lived separate for three years. It is true, the marriage was solemnized in this state, and the acts of cruelty complained of were committed in this state; and, moreover, the plaintiff was neither personally served nor appeared in the action in Minnesota, and the court only acquired jurisdiction by publication under the statutes of that state. But, notwithstanding all this, we think effect must be given to the decree. For, if *Mrs. Shafer* had been married in Minnesota, and the acts of cruelty complained of had been committed there, still, if she had afterward removed to this state and resided here a year, the courts of this state would have had jurisdiction to decree a dissolution of the marriage contract upon her application, although her husband had never been a resident of, or served with process in, this state. This was so decided as early as 1852, in the case of *Manley* v. *Manley*, 4 Chand. 96. The doctrine of that case came up for review before the supreme court, under its present organization, in 1854, in *Hubbell* v. *Hubbell*, 3 Wis. 662; and, while the court expresses its dissatisfaction with the rule in that case, it declined to overrule it, on account of the serious consequences which might follow to the persons and property of citizens of this state from a change in the

decisions upon this question.   See, also, the case of
*Gleason v. Gleason*, 4 Wis. 64.   It seems but the neces-
sary logical consequence of these decisions, to affirm the
validity of the judgment of the Minnesota court, ren-
dered for a like cause, under a similar statute, and where
jurisdiction was acquired in the same manner.   For it
would certainly be a most inconsistent, not to say one-
sided, position, to assert the right of the courts of this
state to dissolve the marriage when one only of the mar-
ried persons resided here, with reference to causes of
divorce occurring while the parties were domiciled in
another state, where the other party remains, and then
decline to give effect to a judgment of a sister state in a
strictly analogous case.   It cannot, with any reason, be
claimed that this state may fix and determine the *status*
or legal relation of married persons domiciled here —
may grant valid *ex parte* decrees of divorce, releasing
such persons from all duties and obligations connected
with a former marriage — and yet deny the effect of such
decrees when granted by the courts of our sister states.
According to the principles of our own decisions, there-
fore, effect must be given to the judgment of the Minne-
sota court, although the plaintiff had only constructive
notice, by publication, of the divorce suit.   The judg-
ment roll shows a substantial compliance with the stat-
utes of that state in regard to the service of summons by
publication.   It is claimed that the plaintiff's residence
in this state was well known to Mrs. Shafer, and that,
therefore, the summons and complaint should also have
been mailed to him.   In the affidavit made by Mrs. Sha-
fer, for the purpose of obtaining an order of publication
in the divorce suit, she states that she had learned from
her parents, residing in Omro, in this state, that the
plaintiff had left that place, and no longer resided there,
and that "she is entirely ignorant of his place of resi-
dence, or the whereabouts of said defendant."   And it
appears from his own testimony, that, during the pend-

ency of the divorce suit, he was away in Illinois, can-vassing as agent for a New York nursery, although he says his head-quarters for business were at his brother's store in Omro. We do not think there is any ground for holding that Mrs. Shafer knew where the plaintiff resided when she made the affidavit, or where a copy of the summons and complaint would reach him through the mail.

*By the Court.* — The judgment of the circuit court is affirmed.