Derby v. Derby.

MABEL L. DERBY

v.

ABRAHAM H. DERBY.

HUSBAND AND WIFE—DIVORCE—DOMICILE OF WIFE.—A wife, after the commission by her husband of an offense or injury which entitles her to a divorce, is under no further legal obligations to make his residence or domicile hers, but is, for all the purposes of seeking redress under the statute in relation to divorce, at liberty to acquire or establish for herself a residence or domicile separate from his, and if such residence has in it the proper element of permanence, and is acquired in good faith, it is sufficient to authorize a decree of divorce, although the residence and domicile of the husband may be in another and a foreign jurisdiction.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed May 20, 1884.

Mr. E. R. BLISS and Mr. CYRUS BENTLEY Jr., for appellant; as to legal significance of term "residence," cited Supervisors v. Davenport, 40 Ill. 197; Town of Freeport v. Supervisors, 41 Ill. 495; Smith v. The People, 44 Ill. 16; Way v. Way, 64 Ill. 406.

A wife, for the purposes of a divorce suit at least, may establish a separate residence or domicile: Turner v. Turner, 44 Ala. R. 437; Tolen v. Tolen, 2 Blackford (Ind.), 407; Jenness v. Jenness, 24 Ind. 355; Rhyms v. Rhyms, 7 Bush (Ky.), 316; Harding v. Allen, 9 Greenleaf (Me.), 140; Goodwin v. Goodwin, 45 Me. 377; Harteau v. Harteau, 14 Pick. 181; Garner v. Garner, 56 Md. 127; Wright v. Wright, 24 Mich. 180; Pate v. Pate, 6 Mo. App. 49; Frary v. Frary, 10

N. H. 61; Payson v. Payson, 34 N. H. 518; Hopkins v. Hopkins, 35 N. H. 474; Yates v. Yates, 13 N. J. Eq. 280; Johnson v. Johnson, 4 Paige (N. Y.), 459; Irby v. Wilson, 1 Dev. & Bat. Eq. (N. C.) 568; Schonwald v. Schonwald, 2 Jones Eq. (N. C.) 367; Colvin v. Reed, 5 Smith (Pa.), 375; Ditson v. Ditson, 4 R. I. 87; Fickle v. Fickle, 5 Yerg. (Tenn.) 203; Schreck v. Shreck, 32 Texas, 518; Huckaby v. Huckaby, 35 Texas, 620; Hubbell v. Hubbell, 3 Wis. 662; Gleason v. Gleason, 4 Wis. 64; Phillips v. Phillips, 22 Wis. 256; Shafer v. Bushnell, 24 Wis. 372; Craven v. Craven, 27 Wis. 418; Dutcher v. Dutcher, 39 Wis. 651; Cheever v. Wilson, 9 Wall. (U. S.) 108.

BAILEY, J. This suit was brought by Mabel L. Derby against Abraham H. Derby, in the Superior Court of Cook county, on the 8th day of November, 1883, for a divorce on the ground of desertion. At the hearing, which was *ex parte*, it appeared from the evidence, that the parties were married in the State of New York, on the 17th day of March, 1869, and lived and cohabited together in that State from the time of their marriage until some time in September, 1879, when the defendant, willfully and without any reasonable cause, deserted and abandoned the complainant and went to another part of the State of New York to live, and subsequently to the State of Pennsylvania, where he has ever since resided; that he never resided or had his domicile in Illinois; that his desertion and abandonment of the plaintiff had continued from September, 1879, up to the date of the hearing; that in August, 1882, which was more than one year prior to the commencement of the suit, the complainant removed to Illinois, with the intention of remaining permanently in this State, bringing with her a little daughter, the fruit of her marriage with the defendant; that she first went to the county of De Kalb, and after remaining there with friends for about six weeks, came to the city of Chicago and engaged in the business of dressmaking, and has lived in Chicago ever since. These facts appearing, the court below held that they were insufficient to authorize the granting of a decree of divorce,

Derby v. Derby.

and dismissed the bill at complainant's costs, for want of jurisdiction.

Under our statute in relation to divorce, where the offense or injury complained of is not committed within this State, or while one or both the parties resides within this State, it must appear, before a divorce can be granted, that the complainant has "resided in the State one whole year next before filing his or her bill." In this case the evidence sufficiently establishes the actual and *bona fide* residence of the complainant in Illinois, for the full period required by the statute, provided she was capable in law of acquiring such residence. The court below seems to have been of the opinion that the defendant being a non-resident, the legal residence of the complainant necessarily followed that of her husband, and consequently, that she had not established, and so long as her husband continued to reside elsewhere, was incapable of establishing such residence here as would give the court jurisdiction. In accordance with this view the relief prayed for was denied, and the correctness of this ruling is the only question presented by this appeal.

It is a familiar and well recognized rule of law, that marriage creates a unity of the parties which gives them one domicile, and as the husband has the authority to determine where that domicile shall be, the wife's domicile as a consequence follows that of her husband. This rule, though artificial and founded upon the theoretic identity of the persons and interests of the husband and wife, is doubtless of the highest importance to society, in that upon it rests to a great degree the unity and integrity of families and homes. But while it should therefore be jealously adhered to and enforced wherever it properly applies, we are fully authorized by both reason and authority in applying to it the maxim that where the reason of the rule ceases, the rule itself ceases.

Whenever the law permits the wife to bring suit against her husband for a divorce, it ceases to regard the theoretic or ideal unity of their persons and interests, but recognizes the wife as having a separate existence and separate interests and rights, and accords to her the remedies appropriate to the

situation in which she is thus placed.  As said in Colvin v. Reed, 55 Penn. St. 375, " The unity of person created by the marriage is a legal fiction, to be followed for all useful purposes, and not to be used to destroy the rights of either, or contrary to the principles of natural justice, in proceedings, which, from their nature, make them opposite parties.  It required their mutual consent to establish the relation from which that unity arises, and the same law of right demands them to be viewed in their separate natural condition when either proceeds against the other to destroy this relation.  It is the necessary effect of their being opposite parties to the same proceeding.  Upon the dissolution of the marriage, therefore, each has a right to be heard as a natural person."

Some decisions are to be found in this country which hold that, after the offense for which a decree for divorce is sought has been committed, the wife can not acquire a new domicile for the purposes of a divorce, but it will be found on examination that most decisions of this character turn largely if not wholly upon the peculiar provisions of local statutes.  The weight of authority, however, is, we believe, greatly the other way.  In Cheever v. Wilson, 9 Wallace, 108, the validity of a decree of divorce obtained in the State of Indiana was directly in issue.  There the complainant, the wife, after the commission of the offenses for which she sought a divorce, went from the District of Columbia, where she had been domiciled with her husband, to the State of Indiana, and afterward filed her bill charging desertion and cruelty, her husband never having been domiciled in that State.  The court, in affirming the validity of the divorce, say: " It is insisted that Cheever never resided in Indiana; that the domicile of the husband is the wife's, and she can not have a different one from his.  The converse of the latter proposition is so well settled that it would be idle to discuss it.  The rule is, that she may acquire a separate domicile whenever it is necessary or proper that she should do so.  The right springs from the necessity for its existence, and endures as long as the necessity continues.  The proceeding for a divorce may be instituted where the wife has her domicile.  The place of

Derby v. Derby.

marriage, of the offense, and the domicile of the husband are of no consequence."

The doctrine has been recognized in Wisconsin in a series of decisions, that for the purpose of bringing a suit for a divorce, the wife may acquire a residence separate from her husband, and that, from the necessity of the case, this rule is essential to make effectual her right to maintain such an action. Craven v. Craven, 27 Wis. 418; Shafer v. Bushnel, 24 Id. 372; Phillips v. Phillips, 22 Id. 256; Hubbell v. Hubbell, 3 Id. 662; Manley v. Manley, 3 Pin. 390.

In Moffatt v. Moffatt, 5 Cal. 281, it is held that the desertion of a wife by her husband entitles her to her own domicile.

Tolen v. Tolen, 2 Blackf. 407, was a case identical in all its essential features with the one at bar. The statute of Indiana in relation to divorce provided " that all persons who shall have resided in the State one year shall be entitled to the benefit of the act." The parties were married in Kentucky, and while domiciled there the husband deserted his wife and some years afterward she removed to Indiana and became a resident of that State. Subsequently, her husband never having resided in Indiana, she brought her suit for a divorce, and it was held that under the statute the court had jurisdiction of the suit. This decision was approved and reaffirmed in Jenness v. Jenness, 24 Ind. 355.

Harteau v. Harteau, 14 Pick. 181, was a libel for a divorce for desertion of the wife by the husband while the parties were domiciled in New York, the husband at the time the libel was filed still retaining his domicile in that State. The divorce was denied on other grounds, but the jurisdiction of the court was sustained. In the opinion of the court, which was pronounced by Chief Justice Shaw, in discussing the applicability of the maxim that the domicile of the wife follows that of the husband, it is said: "It is probably a juster view, to consider that the maxim is founded upon the theoretic identity of person and of interest between husband and wife as established by law, and the presumption that, from the nature of the relation, the home of the one is that

of the other and intended to promote, strengthen and secure their interests in this relation, as it ordinarily exists, where union and harmony prevail. But the law will recognize a wife as having a separate existence and separate interests and separate rights in those cases where the express object of all proceedings is to show that the relation itself ought to be dissolved, or so modified as to establish separate interests, and especially a separate domicile and home, bed and board being put—a part for the whole—as expressive of the idea of home. Otherwise the parties in this respect would stand upon very unequal grounds, it being in the power of the husband to change his domicile at will, but not that of the wife."

The same doctrine is held or incidentally recognized in the decisions of most of the States, and we have failed to find any well considered case based upon a statute similar in its provisions to ours, where a different view has been taken. Most of the decisions bearing upon the question will be found collected in the notes to the ninth chapter of Mr. Bishop's Treatise on Marriage and Divorce, and that learned author in his text lays down the rule as follows: "When the law authorizes a suit between a husband and wife for divorce and makes the jurisdiction over it depend, among other things, on domicile, there is an irresistible implication that, if she needs a separate domicile to give effect to her rights, or if his case requires her to have one to make his effectual, the law has conferred it on her." And again, "If a husband commits an offense entitling the wife to a divorce, she not only is discharged thereby immediately, and without judicial sentence, from her duty to dwell with him, but she must abandon him, or the cohabitation will be condonation, barring her of the remedy. In other words, she must establish a domicile of her own, separate from his, though it may or not be in the same judicial locality with his. Then the law which required this of her can not turn round and say it is not hers. Moreover, the reason for making his domicile hers has ceased." Bishop on Mar. and Div., §§ 125, 126.

We find no decision in this State in any way conflicting with the rule as above stated. Reference is made to the case

Derby v. Derby.

of Ashbaugh v. Ashbaugh, 17 Ill. 476, as holding a different doctrine.  There the parties were married in Canada, and after being domiciled there for some years, the defendant, the husband, deserted his wife and came to this State.  After he had resided here about three years, she came and filed her bill against him here, alleging such desertion.  The question thus presented was not whether the complainant was capable in law of acquiring a residence or domicile of her own apart from her husband, but merely whether she was entitled to avail herself of the legal fiction which made his domicile hers.  The court quote the maxim that in contemplation of law the husband and wife are one person, and that her residence follows his, but having done so, expressly waive a decision of the question whether that maxim is applicable to the case, or whether *actual* residence is not required by the statute, and place the decision of the case upon another and manifestly tenable ground, viz., that the defendant having resided, for more than two years in this State after deserting his wife the offense or injury complained of might be regarded as having been committed in this State, and while one of the parties was residing here, thus basing the jurisdiction of the court upon an entirely different provision of the statute.

In Davis v. Davis, 30 Ill. 180, the husband, a resident of Montgomery county, was guilty of extreme and repeated cruelty toward his wife, in consequence of which she left him and went to her father's house in Madison county, and afterward brought suit in Montgomery county for a divorce. The report of the case fails to show how long the complainant had lived apart from her husband, or whether she went to Madison county with the intention of residing and making her home there.  It was held that the Circuit Court of Montgomery county had jurisdiction of the suit, on the principle that the domicile of the husband was the domicile of the wife; but the question whether she might not have acquired another domicile so as to give the court of her separate domicile jurisdiction, did not arise.

Another case cited in support of the decision of the court below is Kennedy v. Kennedy, 87 Ill. 250.  There, after the

parties had lived together for years upon a certain homestead, the husband, with the view of moving into and occupying a new home, sold and conveyed said homestead, his wife consenting to and joining him in the conveyance; but when he moved to his new home, she refused to go with him, and remained at the old homestead with her brother, to whom it had been conveyed. After the lapse of two years, the husband brought suit for a divorce, alleging desertion, and the defense set up and relied upon by the defendant in her answer was, that he had deserted her in removing to his new home. The court held that the residence of the wife followed that of her husband; that it was her duty to go with him, and that her refusal to do so constituted desertion on her part. It seems too plain for argument that the questions involved in that case are utterly foreign from those arising here. The maxim that the domicile of the husband is the domicile of the wife was involved, and applied only by way of determining whether, in that case, the husband should be deemed to have deserted the wife, or the wife the husband; but the question whether, in case of desertion by the husband, the wife may not acquire a separate residence or domicile, neither arose nor was in any manner considered.

No other decisions of our Supreme Court are cited in support of the decree in this case, and none, we think, can be found having any tendency to support it. It seems entirely clear to us, both in the light of reason and of authority, that a wife, after the commission by her husband of an offense or injury which entitles her to a divorce, is under no further legal obligation to make his residence or domicile hers, but is, for all the purposes of seeking redress under the statute in relation to divorce, at liberty to acquire or establish for herself a residence or domicile separate from his; and that if such residence has in it the proper element of permanence and is acquired in good faith, it is sufficient to authorize a decree of divorce, although the residence and domicile of the husband may be in another and a foreign jurisdiction. It follows that the decree of the court below is erroneous and must be reversed.

So far as our observation has gone, it has been the uniform practice of the circuit courts of the State for many years, to assume jurisdiction and pronounce decrees of divorce upon cases similar to the one before us, and upon the faith of such decrees, relations and rights of the utmost delicacy and importance have been acquired. Even if we regarded the question a doubtful one, which we do not, we should hesitate long before giving our assent to a rule, the effect of which would be to render all such decrees void, and involve the parties thereto in the very serious consequences which would be the natural and necessary result. If it is conceived that the law, as it stands, furnishes too great facility for divorces, the remedy is with the legislature and not with the courts.

The decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Decree reversed.