WILLIAM HILL

*v.*

ELMA L. HILL.

*Filed at Ottawa April 3, 1897.*

1. DIVORCE—*what constitutes a legal residence where suit is brought.* Where complainant in a divorce suit has resided in the State the required time, but moves to another county just prior to bringing the suit, her legal residence there for jurisdictional purposes depends upon her good faith in going and her intention to reside there permanently, and not upon the length of time she has resided at her new home.

2. SAME—*wife may acquire separate domicil from that of husband.* The rule that the domicil of the husband is the domicil of the wife has no application where the wife, without fault on her part, leaves her husband's home and in good faith goes into another jurisdiction intending to make it a permanent residence.

3. APPEALS AND ERRORS—*presumption as to sufficiency of evidence omitted from transcript, to sustain decree.* Where it appears that a certain agreement relating to the division of property was omitted from the transcript of the record in a divorce suit, it will be presumed, on appeal, that the omitted evidence was such as to justify the court in rendering that part of the decree concerning alimony.

*Hill* v. *Hill,* 63 Ill. App. 367, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

M. SALOMON, and WILL M. BUTTERWORTH, for appellant.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is a bill for divorce and alimony, filed in the circuit court of Cook county by appellee, against her husband, the appellant here. The bill alleges extreme and repeated cruelty. The cause was heard before the chancellor, who entered a decree granting the divorce and allowing appellee alimony in gross in the sum of $700. That decree was affirmed by the Appellate Court, and appellant now brings the cause here by appeal.

But two questions are raised by the assignments of error:

*First*—It is contended there was no jurisdiction in the trial court to render said decree, because, it is said, the record fails to show that appellee is a resident of Cook county. Such, however, is not the case. The bill alleges the residence of appellee in Chicago, Cook county, and the decree recites that all the material allegations of the bill are true. The evidence appearing in the record is sufficient to prove this allegation and support the finding. Appellee testified that her residence was in Chicago, and that she was working there, at a place on LaSalle avenue. Although it was denied in appellant's answer to the bill that appellee resided in Cook county, yet no evidence was offered in his behalf on this question. It is urged that, nevertheless, the fact shown by her own testimony that appellee had lived in Chicago only eight days when she filed her bill is sufficient to overcome her statement that she is a resident of that city. The question of residence, in its legal significance, is not necessarily to be determined by the length of time one has lived in a particular jurisdiction. The real inquiry here is, did appellee go to Chicago in good faith, with the intention of permanently residing and of carrying on business there? *Way* v. *Way*, 64 Ill. 406; *Derby* v. *Derby*, 14 Ill. App. 645.

The rule that the domicil of the husband is also the domicil of the wife is cited in support of this contention, and it is insisted that this rule places the domicil of appellee in Lake county, because that of appellant is there. But this position is untenable, and the argument in support of it is answered by the authorities above cited. The reason of that rule does not apply to this case, and, consequently, the rule itself cannot here govern.

*Second*—It is contended that the decree is erroneous as to that part giving appellee $700 alimony,—that there is no proper evidence to support it. The bill alleges the value of appellant's real estate to be $2400. The answer denies that it is worth that much, but admits its value to be $2050. The answer also states that there was an agreement or contract entered into between the parties to this suit as an adjustment of their property rights, and states, "a copy of which agreement is hereto attached and marked 'Exhibit A,' and made a part of this your defendant's answer.'" The said "Exhibit A" is not certified as a part of the record. The certificate of the clerk of the trial court recites that the "above and foregoing," etc., is a complete transcript of the record, etc., "except 'Exhibit A' to answer filed July 9, 1895." This excludes the presumption that the entire record was certified up. It must be presumed that the agreement witnessed by "Exhibit A" was such as to justify the rendition of the decree for alimony that was entered herein. Besides this, the appellee, at the hearing, in answer to a leading question that was not objected to, said that the house and two lots of her husband were worth $2750. This objection, therefore, is not well made.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*