## Edna Cutler Brown, Appellee, v. Harry H. Brown, Appellant.

## Gen. No. 5498.

1. Divorce—*what not condonation.* Occupancy of the same room by the parties will not effect a condonation if the marital relation was not resumed and there was no intention upon the part of the defendant to return and live with the complainant.

2. Divorce—*right of wife to establish residence.* If a husband deserts his wife, she may acquire and fix a residence other than that of her husband.

Divorce. Appeal from the Circuit Court of Warren county; the Hon. Robert J. Grier, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

Hanley & Cox, for appellant.

L. H. Hanna, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This is a proceeding for divorce begun in the circuit court of Warren county, by appellee against appellant. Two issues are made by the amended bill and answer: first, was appellee and had she, for a year prior to filing her bill, been a resident of Warren county, Illinois; second, was the appellant guilty of the charge of wilful desertion without any reasonable cause for the space of two years.

The evidence shows that appellee prior to her marriage resided in Warren county. The parties were married at Streator in 1903, and went to Brookside, California, to live near where appellant was interested in a bank. In the spring of 1908, the bank failed, appellant was angry at the family of appellee who appear to have been interested in the bank, and told her he was done with her and her family and left her and California on July 6, 1908, without telling her where he was going, and refused to give her any information as to where he was going. He never afterwards gave her his postoffice address or returned to her and appears to have instructed his attorneys not to give her his address. In March, 1909, appellee learned that appellant was at the Brown Palace Hotel in Denver, and went there to see him. He told her "there was no place for her to live" and that he was going to Portland, Oregon, or Honduras to live and "there was no place for her." From the time appellee was abandoned by appellant, she supported herself getting no assistance from her husband. It is claimed on the part of appellant that because appellee was at the Brown Palace Hotel, at which appellant was staying, for two days that the marital relations must have been resumed and that the desertion only runs from that time. Appellee testified that the relation of husband and wife was not resumed, and appellant appears to have been in court at the time of the trial but did not testify.

Even if they had occupied the same room and he had no intention of returning to live with her such a fraudulent act on his part would not bar her right to a divorce, since condonation is upon an agreement that the party who forgives the other does so only upon the condition that the party forgiven will not repeat the offense but will perform all marital. duties the relation imposes. Kennedy v. Kennedy, 87 Ill. 250. The proof is very clear that there was more than two years' desertion by appellant before the bill was filed and that appellee had endeavored to follow appellant and was very anxious to live with him but his desertion was continuous, persistent and wilful.

It is contended appellee is not a resident of Warren county, because appellant does not live there, and that appellee's residence is where appellant's is. Her home in California burned down in October, 1908. Monmouth, Illinois, had been her residence prior to her marriage. Her father and relatives lived at Monmouth, where her father died in July, 1909. In July 1909, appellee moved to Monmouth, Illinois, with all her personal effects and took up her residence there with some relatives. It was the most natural thing for her to do to return to the home of her childhood; she not only returned and lived there more than a year before the bill was filed, but declared her intention of making her home there. While the husband has the right to fix the matrimonial home, yet when he deserts the home and the wife, then the domicile of the wife does not follow the husband nor does it necessarily remain where the desertion occurred, but she may remove to another state and acquire a new residence. Hill v. Hill, 166 Ill. 54; Derby v. Derby, 14 Ill. App. 645. The proof sustains the allegation of appellant that she had been a resident of Warren county for more than a year prior to filing her bill. The decree is affirmed.

*Affirmed.*