Mathew Neimes, Appellant, v. Christopher Strassheim, Appellees.

### Gen. No. 17,503.

1. Appeals and errors—*necessity that decree be supported by facts.* A decree granting relief must be supported by a finding of specific facts in the decree itself, or by evidence appearing in the record, but the rule is otherwise as to a decree dismissing a bill.

2. Appeals and errors—*when decree dismissing bill will be presumed to be supported by evidence.* A decree dismissing a bill cannot be reversed because the relief was denied, unless complainant shall show by a certificate of evidence, or by a certificate showing that the record as filed is complete, that the evidence was such as to entitle him to the relief asked for, and in the absence of such showing it will be presumed that there was evidence which justified the dismissal of the bill.

3. Appeals and errors—*what record should contain where injunction dissolved and bill dismissed.* Where a decree dissolves a temporary injunction and dismisses the bill and a *praecipe* record contains only the bill, an order of reference to a master, the injunctional order and the order dissolving the injunction and dismissing the bill, and does not show any certificate of evidence, master's

report, answers or affidavits, if any were filed, the decree will not be reversed.

4. PARTNERSHIP—*when creditor of partner entitled to priority.* The owner of a saloon put his son and his son's partner in charge of the saloon and a bailiff under an execution against the son took possession. The owner obtained a writ of replevin, the fixtures were found to be his property, the title to the liquors was found to be in the partnership and it was agreed that the liquors were worth a certain amount. A judgment in an action on the replevin bond to the use of the creditor was paid by the saloon owner to a bailiff in charge under an execution thereon. *Held,* on a bill by the son to restrain the bailiff paying the money to the creditor, that the money to the extent of the value of the liquors could not be applied to a payment of the partnership debts, particularly when it was not averred that the partnership was insolvent or unable to pay its debts.

Appeal from the Circuit Court of Cook county; the HON. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed December 19, 1912.

DOUGLAS C. GREGG, for appellant.

MORTON G. SMITH and LYMAN, LYMAN & O'CONNOR, for appellees.

MR. JUSTICE FITCH delivered the opinion of the court.

Appellant, the complainant in a bill for an injunction and other relief, complains of the action of the circuit court in dissolving a temporary injunction and dismissing his bill of complaint.

The bill, as amended, states that one Martin Neimes owned a saloon and put his son Mathew and one Charles Reiss in charge of the same, under an agreement that the son and Reiss should run the business and buy all their beer from a brewing company, in which the father was interested, for $1.50 a barrel more than the market price, and that when the excess payments thus made should amount to the sum

which the saloon had cost the father, he would then transfer it to the son and Reiss "in equal parts;" that in pursuance of that agreement complainant and Reiss "went into possession of said premises as the agents of said Martin Neimes" and conducted the business on the basis so agreed upon for a little over two months, when one Henry G. Reese obtained a judgment against Reiss in the municipal court for $521, and the bailiff of that court, under an execution upon such judgment, took possession of the saloon; that Reiss then abandoned the business, and complainant "thereupon turned the said business over to the said Martin Neimes, who has conducted the same from thence hitherto;" that the father then brought suit in replevin against the bailiff and on his filing a replevin bond, possession of the saloon and its contents was turned over to him under the writ of replevin; that the father thereafter sold all the stock of wines, liquors and cigars for his own benefit; that upon the trial of the replevin suit the right of property in all the fixtures, tables, chairs, etc., was found to be in the elder Neimes, but the title to the stock of wines, liquors and cigars on hand at the time of the levy thereon by the bailiff was found to be in the son and Charles Reiss, and the court ordered the latter property "which said parties agreed at the said time to be of the value of $350," to be returned to the bailiff, and later a writ of *retorno habendo* was issued and an ineffectual demand made thereon; that thereupon suit was brought on the replevin bond by the sheriff for the use of said Reese against said Martin Neimes, resulting in a judgment in favor of the plaintiff for $630 against Neimes, who paid that amount to the bailiff of the municipal court upon an execution issued upon said judgment; that in equity (it is said) $350 of the money so paid upon said execution and held by the bailiff should be applied to the payment of "the partnership debts of Neimes and Reiss," which debts exceed that amount. The bill prays that the bailiff may be en-

joined from paying over the money in his hands to Henry G. Reese, but that the same may be applied to the partnership debts of said firm, and for other and further relief.

Appellant has filed in this court only a *praecipe* record. This record contains a transcript only of the following: (1) The bill filed February 5, 1910; (2) an order entered *nunc pro tunc* as of February 8, 1910, referring to a master a motion of complainant for a preliminary injunction; (3) a supplement to the bill, filed July 12, 1910; (4) an order entered July 18, 1910, denying the motion for a preliminary injunction with leave to amend the bill and renew the motion the next day; (5) an amendment to the bill filed July 19, 1910; (6) an order entered July 19, 1910, enjoining the bailiff until the further order of the court "from paying over to any one $350 of the moneys now in his possession, as set forth in the supplement to the bill of complaint;" (7) an order entered January 16, 1911, on motion of defendant's solicitors, dissolving the preliminary injunction and dismissing the bill "except as to suggestions of damages and costs of master." The record thus filed does not show any certificate of evidence, or master's report, or answer, or affidavits, if any were filed.

In chancery cases the rule is, that a decree granting relief must be supported by a finding of specific facts in the decree itself, or by evidence appearing in the record; but the rule is otherwise as to a decree dismissing a bill of complaint, since that is the proper decree to be entered in case there is no evidence, or in case the evidence is insufficient to warrant the court in granting the relief prayed for. Such a decree cannot be reversed because the relief was denied, unless complainant shall show that the evidence was such as to entitle him to the relief asked for. Such showing must be made either by a certificate of evidence, or by a certificate showing that the record as filed is complete. In the absence of such showing, it will be pre-

sumed that there was evidence which justified the action of the court in dismissing the bill. First Nat. Bank of Chicago v. Baker, 161 Ill. 281; Hill v. Hill, 166 Ill. 54; McNicholas v. Tinsler, 127 Ill. App. 381. Appellant's counsel seems to assume that upon the record filed this court must assume the truth of the allegations of the bill of complaint. Such is not the rule for the reasons above stated, but if it could be conceded that the rule is as claimed, it appears from the averments of the bill that the money in the hands of the bailiff is not money realized from the sale of the stock of liquors, wines and cigars, which were in the saloon at the time the same were levied upon on the first execution in favor of Henry G. Reese, nor was the money now in his hands paid to the bailiff as the agreed value thereof, under the *retorno habendo,* but is money paid to him in satisfaction of a second judgment obtained by the sheriff for the use of Henry G. Reese in a suit on the replevin bond. No authority has been cited in support of the proposition apparently assumed by appellant's counsel that the money thus paid to the bailiff upon a judgment in favor of Reese can be applied by a court of equity to the payment of debts of the complainant and Reiss. Moreover, there is no averment in the bill that the firm of Neimes and Reiss is insolvent or unable to pay the firm debts. Hence, even upon the theory advanced by appellant's counsel, the bill of complaint does not state a case justifying the interference of a court of equity.

The decree of the circuit court will be affirmed.

*Affirmed.*