## Williams v. Williams

*W. Coburn Sweet, Jr.*, for plaintiff.

SOHN, J., February 16, 1954.—Rebecca June Williams is plaintiff in a divorce action on the ground of indignities. The master concluded that the charge had been supported by the evidence. However, he recommended that a decree be denied because plaintiff was not a bona fide resident of the Commonwealth for one

whole year before filing her complaint. Actual residence for one year within this State is an absolute prerequisite for a divorce, and the courts have no jurisdiction unless plaintiff shall have resided in the State for at least one whole year previous to filing the complaint: Starr v. Starr, 78 Pa. Superior Court 579. A fundamental requisite of jurisdiction in actions for divorce is the residential requirement of one year: Fishman v. Fishman, 167 Pa. Superior Court 428.

Plaintiff resided in Pennsylvania all her life. Defendant was a resident of Florida. When they were married, both were in the armed forces. They were married October 4, 1952, at Richmond, Calif. They lived together only in California. On January 7, 1953, plaintiff left California and returned to this county. She has been here since that date. Her complaint in divorce was filed July 21, 1953. The master concluded that from the time of her marriage until she arrived in Pennsylvania in January 1953 plaintiff was legally a resident of Florida. His conclusion is based on the general rule as stated in Freedman's Law of Marriage and Divorce in Pennsylvania, sec. 215, and A. L. I. Restatement of the Conflict of Laws, §27, which states the rule that when a woman marries, her husband's residence becomes hers. Undoubtedly defendant continued to be a resident of Florida: Commonwealth v. Shimpeno, 160 Pa. Superior Court 104. Plaintiff's residence would remain in Beaver County while she was in the military service unless her marriage had the legal effect of changing her residence. The narrow question presented is whether or not, upon her marriage in California, to a resident of Florida, plaintiff lost her bona fide residence in Pennsylvania because she had acquired a residence in Florida.

The general rule as stated by the courts and text writers is well established in Pennsylvania and elsewhere. In the cases we have read, a careful considera-

tion of them reveals one element not present in this case. In the cases referred to, the wife, after marriage, had been physically present, even if for a very short time, in the State where her husband resided. In this case the wife was never in Florida. In Rosenberg v. Rosenberg, 163 Pa. Superior Court 138, 140, Judge Dithrich said:

"The law of the Commonwealth as stated in *Betz v. Betz*, 103 Pa. Superior Ct. 306, 308, 157 A. 359, that 'There can be no question that husband and wife may have separate and distinct residences and that the residence of the husband does not determine that of the wife so as to govern her right to a divorce', is not questioned by respondent. He does, however, question the validity of libellant's residence in Philadelphia. In *Alburger v. Alburger*, 138 Pa. Superior Ct. 339, 343, 10 A. 2d 888, this Court held: 'When a residence is once acquired, it is presumed to continue until it is shown to have been changed, and when a change is alleged, the burden of proving it rests upon the one making the allegation, and two things are indispensable thereto: First, a residence in a new locality, and, second, the intention to remain there.' In *Huston v. Huston*, 130 Pa. Superior Ct. 501, 508, 197 A. 774, it was said: ' "Residence" within the meaning of the statute means a "permanent one with domiciliary intent" ': *Gearing v. Gearing*, 83 Pa. Superior Ct. 423. In *Starr v. Starr*, 78 Pa. Superior Ct. 579, it was said: ' "Domicile" is a matter of intention; "residence" is a physical fact, and the term "bona fide residence" means residence with domiciliary intent, i. e., a home in which the party actually lives.' "

The reason for the general rule is the common-law fiction of identity of person of husband and wife. In Williamson v. Osenton, 232 U. S. 619, 34 S. C. 442, Mr. Justice Holmes referred to it as "the now vanishing fiction of identity of person." He said:

"But if that fiction does not prevail over the fact in the relation for which the fiction was created there is no reason in the world why it should be given effect in any other."

Legislative enactment and judicial decisions in Pennsylvania have steadily weakened the presumptions of identity of person of husband and wife.

In approaching the problem before us, certain general principles should be considered. The general rule is that upon marriage, because of the theory of identity of person, a wife acquires the residence of her husband. This rule is sustained by abundant authority: Barning v. Barning, 46 Pa. Superior Court 291, 294. The Divorce Law of May 2, 1929, P. L. 1237, sec. 16, referring to jurisdiction requires "a bona fide residence" in this Commonwealth at least one whole year. A person in the military service is not ordinarily to be deprived of his rights as a civilian under the laws of the State of his origin: Nixon v. Nixon, 329 Pa. 256, 268. It has been repeatedly held that mere temporary absences from the State of domicile during the year preceding the filing of a complaint will not, in and of themselves, defeat the right of a libellant to invoke the jurisdiction of the proper court of the State of which he is technically a citizen: Heath v. Heath, 44 Pa. Superior Court 118; Shaw v. Shaw, 72 Pa. Superior Court 191; Wilson v. Wilson, 80 Pa. Superior Court 20. Residence within the meaning of the statute means a permanent one with domicilary intent; Gearing v. Gearing, 130 Pa. Superior Court 501, 508. Residence is a physical fact, and the term bona fide residence means residence with domiciliary intent, i.e., a home in which the party actually lives: Huston v. Huston, 130 Pa. Superior Court 501, 508.

In Verbeck v. Verbeck, 160 Pa. Superior Court 515, 517, Judge Ross said:

"Our divorce laws were not enacted for the benefit of nonresidents and the fundamental policy of the Commonwealth forbids resort by strangers to its courts for the purpose of divorce. *Dulin v. Dulin*, 33 Pa. Superior Ct. 4; Nixon v. Nixon, 127 Pa. Superior Ct. 407, 193 A. 132. This policy finds expression in the statutory provision (Section 16 of the Act of May 2, 1929, P. L. 1237, 23 PS 16) that the libellant must be a bona fide resident of Pennsylvania for one whole year immediately prior to the filing of the libel. This requirement is strictly jurisdictional and cannot be waived by the parties, even with the consent of the court. As stated by Rice, P. J., in *English v. English*, 19 Pa. Superior Ct. 586, at page 596: 'Consent of a party as expressed by his appearance cannot, in divorce, create a jurisdiction over the subject-matter which the court would not otherwise have. No matter how expressed, consent of the parties, even with the consent of the court added, cannot give the court jurisdiction of a libel in divorce . . . unless the libellant shall have resided in the state at least one whole year previous to the filing of his or her petition or libel. . . . This prerequisite is not in the nature of a personal privilege or safe-guard which the respondent may waive, or the court, in its discretion, dispense with.' "

" 'Residence' within the meaning of the statute means a 'permanent one with domiciliary intent.' *Gearing v. Gearing*, 83 Pa. Superior Ct. 423; *Huston v. Huston*, 130 Pa. Superior Ct. 501, 197 A. 774."

The unity of person created by marriage is a legal fiction to be followed for all useful and just purposes, but not to be pursued in a proceeding by nature making husband and wife opposite parties to the extent of the destruction of the rights of the wife, contrary to the principles of natural justice: Colvin v. Reed, 55 Pa. 375, 379 (1867), Agnew, J.

In Tremont v. Tremont, 12 D. & C. 200, the husband induced his wife to sell their property and move from Pennsylvania to New Jersey. In New Jersey she found that her husband had, prior to their arrival, established in the new home another woman who had caused their difficulty in Pennsylvania. The wife remained several months and as soon as she could get sufficient money, she returned to Pennsylvania, and applied for a divorce. It was held that she did not lose her residence in Pennsylvania. In the case before us, the difficulty arose because the husband had with him in California a woman with whom he associated in preference to the wife. The evidence supports a conclusion that the husband is the father of a child, who was with her in California. In all essentials the cases are similar except in the instant case plaintiff was never in Florida, and she was in the military service and definitely retained her residence here unless it was changed by her marriage. In Oakes v. Oakes, 219 Ark. 363, 242 S. W. 2d 128, the Supreme Court of Arkansas held that physical presence of plaintiff in a sanatorium in New Mexico did not constitute residence under a divorce statute so as to prohibit an action in Arkansas.

In Berlingieri v. Berlingieri, 372 Ill. 60, 22 N. E. 2d 675, the Supreme Court of Illinois denied application of the doctrine of unity of person and residence. The following excerpts from the opinion recite the facts and conclusions. The parties were married in New York. They lived in hotels in California. Plaintiff returned to Illinois, where she had previously resided, and applied for a divorce.

"Defendant contends that the word 'residence' in the provision just quoted was intended to mean 'domicile' even though it is nowhere expressly so stated. In support of this contention he cites cases where the word 'residence' in the Revenue Act and other statutes has

been so construed. Such cases, however, are not authority here. We have already interpreted this section of the Divorce Act in *Way v. Way*, 64 Ill. 406, where we held that the word 'residence' as used there was intended to have its ordinary and commonly accepted meaning. This construction was followed by us in *Hill v. Hill*, 166 Ill. 54.

"The present case is an example of the absurd results that would follow from any other interpretation. It appears that Arturo Berlingieri, who is thirty-three, is an international itinerant, with his birthplace and parents in Rome. He claims his home there, although he has not seen his parents for three years and stays at hotels when in Rome. He also claims a residence and to have lived at different times on the Isle of Capri, and with an uncle who resided in Colombia. While the proof fails to show that Berlingieri has ever established a permanent domicile in any country, his technical domicile may be said to be in Italy, and thus it is argued that, under established rules of law, Mrs. Berlingieri's domicile would follow that of her husband. We do not believe that the legislature intended to withhold the right of access to our courts from a life-long resident of this state merely because she happened to marry someone technically, but not actually, domiciled elsewhere. The use of the concept of domicile in revenue cases and like matters is based upon reason and practical necessity. For example, there must be one place having jurisdiction to tax personal property; otherwise, the conflicting claims of various taxing authorities would result in confusion and possible depletion of an estate subject to tax. No such necessity appears in divorce cases. The mere fact that a person may have more than one residence and, therefore, may possibly secure a divorce in more than one jurisdiction under our interpretation of the statute, does not render

that interpretation improper. The wife's established domicile in Illinois could not shift to that of her husband until he had established one elsewhere—and this his own testimony shows he had not done."

In Dickson v. Dickson, 78 D. C. 189, Judge Nixon, of the Court of Common Pleas of Allegheny County, in a similar factual situation, reached the same conclusion. He said:

"Under the law and the evidence we are compelled to find that the residence of plaintiff did not shift from Pittsburgh, Allegheny County, Pa., to the uncertain dwelling place of defendant in an Army Camp near Manila, P. I., especially since defendant wholly failed and neglected to establish any dwelling place with domiciliary intent as a home; ever so humble, in which the parties could actually live."

This court has jurisdiction. A divorce will be granted.

We conclude that the Berlingieri case states the true rule to be followed in this case. Plaintiff was in the armed forces. She was never physically present in the State of her husband's residence. He associated with another woman, and her child (who was defendant's child). These facts indicate that defendant had no intention of establishing a home for his wife in Florida. We conclude that plaintiff, in this case, was under our divorce statute, a resident of Pennsylvania, and our court has jurisdiction.

## Order

And now, to wit, February 16, 1954, it is ordered, adjudged and decreed that a decree be entered divorcing Rebecca June Williams, plaintiff, from Charles Williams, defendant, and from the bond of matrimony contracted with him, with the same effect as if they had never been married, or as if Charles Williams were naturally dead,