FOR THE

## FOURTH JUDICIAL CIRCUIT,

JULY TERM, 1853.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

## ADELINE LANGDON *v.* JOHN B. LANGDON.

*Petition for divorce. Condonation of injuries.*

The condonation of injury by husband and wife, is always conditional, and has for its very basis, and consideration, the promise not only that the former injuries shall not be repeated, but that the forgiving party shall in future, be in all respects, treated kindly, and restored to conjugal rights.

And it is not necessary, that the *same injuries* should be repeated, to cancel the condonation.

Langdon *v.* Langdon.

PETITION for divorce, the facts sufficiently appear in the opinion of the court which was delivered by

REDFIELD, Ch. J.  This is a petition for divorce, on the ground of intolerable severity.  The important question in the case is, whether the conduct of the defendant, towards the libellant, since a former separation and subsequent compromise, has been such as to revive whatever previous ground of complaint might have existed against the defendant.  For it is obvious, that unless the defendant can shield himself from his severity towards his wife, under this compromise and condonation, he cannot expect successfully to defend this proceeding.  Indeed that is not claimed.  But, it is said the defendant's conduct since that time, has not been such, as to revive the former injuries.

This condonation of injury by husband and wife, is always conditional.  It has for its very basis, and consideration, the promise, not only that the former injuries shall not be repeated, but that the forgiving party shall, in future be, in all respects, treated kindly, and restored to conjugal rights.  It is certainly not necessary, that the *same injuries* should be repeated, to cancel the condonation, since, severity has been holden, to revive adultery condonation.  2 Greenleaf's Ev. § 53.  *Durant* v. *Durant,* 1 Hogan 761.  *Ferris* v. *Ferris,* 1 Hog. Con. R. 130.  And when the new injury complained of is of a similar character, it is not necessary it should go to the same extent.  For if so, the revival would be of no importance, since the party might as well rely upon the same injury, subsequently repeated, as the former one thereby revived, if they were to become precisely equivalent.

To apply this principle to the case before the court, we cannot forbear to say, that the defendant seems to a very great extent, by his uniform kindness, to his wife, when sober, to have secured the continuance of her affection, for an incredible length of time, when it is considered, that his habits of intoxication were almost continuous, during the long term of his connexion with his wife, and that his conduct at such times, was certainly well calculated to destroy the respect, and affection, and the patient endurance of the most feeling of women, which the libellant seems to have been, as there is very little evidence in the case of any provocation, or even indiscretion, on her part.  But she has finally separated from him, and now insists upon her rights.  And however we might wish,

for the comfort of the defendant, the advantage of the children, or the respectability of all concerned, that the case had not come to this issue, or that the parties might still live together, we do not feel justified in acting upon such considerations. And it seems impossible for us to say, that making the most liberal rebate, in the testimony, on account of feeling, or contradiction, the defendant has in any sense kept or performed his part of the compromise. It seems to us, that he has conducted much the same since, that he did before, with less personal violence perhaps, until his wife abandoned him. However painful the result may be to the defendant, and we have no doubt it is sufficiently so, it seems to us inevitable to conclude, that the defendant's conduct since the reunion has been such, as to release the libellant from her condonation, and to revive all the injuries of her married life with the defendant; and that these combined, present a case of severity, chiefly originating in habitual intoxication, that have become so intolerable, that the libellant is entitled to have the bonds of matrimony dissolved.

The bill is granted. And the custody of the two female children is decreed to the libellant, until the farther order of the court.