IRA WELCH, Appellant, v. IDA WELCH, Respondent.

| 50 | 395 |
|----|-----|
| 98 | ³101 |

Kansas City Court of Appeals, May 30, 1892.

1. **Divorce:** ADULTERY: CONNIVANCE: BAR. Conduct which amounts to connivance in the wife's adultery must be directed by a corrupt intention, and, when there is no corrupt intention, the remedy is not barred.

2. ——: ——: ——: AFFECTIONATE CONDUCT. The affectionate conduct towards the wife for many years, there being no appearance during that time of wish to withdraw from her society, tends most strongly to disprove connivance.

3. ——: ——: CONDONATION: KNOWLEDGE. There must be knowledge of the adultery, as forgiveness cannot take place without it.

4. ——: ——: ——: COHABITATION. There can be no condonation in the absence of proof that the husband cohabited with the wife with the intention of forgiving her, believing her to be guilty; he must thoroughly believe her guilty,—suspicion of her chastity will not do.

5. ——: ——: ——. Condonation is but forgiveness upon condition of subsequent fidelity, which, if not kept, the rights of the injured party are restored as if there had been no condonation.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND JUDGMENT ENTERED.

*Fyke & Hamilton,* for appellant.

(1)   Conduct which amounts to connivance must be directed by corrupt intention, and, where there is no corrupt intention proved on the part of the complainant, the remedy is not barred. *Hoar v. Hoar,* 3 Hag. Ec. 137; *Phillips v. Phillips,* 10 Jur. 829; 1 Rob. Ec. 144.   Mere imprudence and error of judgment do not constitute what the law deems connivance. *Ibid.* (2)   To establish connivance the evidence must be grave and conclusive; facts to constitute connivance must have a direct and necessary tendency to cause adultery to be committed or continued. *Austin v. Austin,* 10 Conn. 221. (3)   Affectionate conduct towards a wife for many years, no appearance during that time of wish to withdraw from her society, tends most strongly to disprove connivance at the turpitude of, or active co-operation in, the prostitution of the wife. *Hoar v. Hoar,* 3 Hag. Ec. 139. (4)   Condonation in the law of divorces is a forgiveness of a matrimonial offense on condition of subsequent fidelity. *Armstrong v. Armstrong,* 32 Miss. 279; *Langdon v. Langdon,* 25 Vt. 678; *Pain v. Pain,* 37 Mo. App. 110. (5)   There must, however, be a knowledge of the offense, as forgiveness cannot take place without a knowledge of the thing forgiven. *Odam v. Odam,* 36 Ga. 286; *Clark v. Clark,* 9 Mass. 331. (6)   It is necessary to prove that the husband cohabited with his wife with the intention of forgiving her, believing her to be guilty.   If the evidence leads the court to the conclusion that the husband did not thoroughly believe

that his wife had been guilty, and, therefore, did not forgive her when he took her back, condonation is not established. *Ellis v. Ellis*, 4 Swab. & Tr. 154; *Anon.,* 6 Mass. 147. (7) Cohabitation is only a conditional condonation of indignities; and where, after such condonation, the offenses are repeated the right to make the former offenses a ground for divorce is revived. *Guthrie v. Guthrie*, 26 Mo. App. 567; *Wagner v. Wagner*, 6 Mo. App. 572; *Pain v. Pain*, 37 Mo. App. 110; *Twyman v. Twyman*, 27 Mo. 383. (8) It has been held that cohabitation to bar the husband's remedy should be with his knowledge, not only of the offense committed, but also of his ability to prove it. *Quincy v. Quincy*, 10 N. H. 272; *Hoffman v. Hoffman*, 7 Paige, 60; *Dillon v. Dillon*, 3 Curt. Ec. 86; *Wilman v. Same*, 17 Abb. N. Y. (N. S.) 236.

*Warner, Dean & Hagerman*, for respondent.

(1) As to connivance: 2 Bishop on Marriage & Divorce [4 Ed.] secs. 6, 7, p. 4; *Moorson v. Moorson*, 3 Hag. Ec. 87. (2) Connivance at one act of adultery bars the husband from a divorce for other acts of adultery. Bishop, *supra*, sec. 10, p. 7. (3) As to evidence of connivance: *Phillips v. Phillips*, 1 Rob. 144; 2 Bishop on Marriage & Divorce [4 Ed.] secs. 16, 17, p. 11; Bishop, *supra*, sec. 38, p. 28. (4) The rule of condonation is usually stated to be that the cohabitation, after probable knowledge of the offense, is a presumptive remission of it. *Dillon v. Dillon*, 3 Curt. Ec. 86; 7 Eng. Ec. 377; Bishop on Marriage & Divorce [4 Ed.] sec. 40, p. 30.

SMITH, P. J.—Action for divorce on the ground of adultery. The answer confessed the commission of the offense charged, but alleged that it was committed with

the knowledge and consent of the appellant. There was a trial and decree refusing a divorce and dismissing the petition. The plaintiff appeals.

The answer confesses the ground of divorce alleged in the petition, so that the only issue of fact arising on the pleadings is whether the plaintiff, the husband, connived at or consented to his wife's dishonor; for if he did his remedy is barred. The rule has been declared to be that conduct which amounts to a connivance must be directed by a corrupt intention, and when there is no corrupt intention proved on the part of the plaintiff his remedy is not barred. *Hoar v. Hoar*, 3 Hag. Ec. 137.

In *Hoar v. Hoar, supra,* it was declared that affectionate conduct towards the wife for many years, no appearance during that time of a wish to withdraw from her society, tends most strongly to disprove connivance of or active co-operation in the prostitution of the wife. According to the unsupported and uncorroborated testimony of the defendant, the plaintiff knew of her amours—her illicit loves, and notwithstanding this he continued his relations with her as his wife. If a tithe of what she testified to is true, then the plaintiff sustained to her no higher relation than that of a loathesome and detestable pimp and procurer. After a careful examination of all the evidence we are unable to bring ourselves to the conclusion that the defendant's testimony is entitled to the slightest credence; for if we could we should not hesitate to order an affirmance of the decree.

The defendant is a self-confessed adulteress. The few glimpses furnished in her own account of her unwifely conduct disclose a life remarkable only for its vice and depravity. A more shameless and wanton disregard of the marriage vow by a wife could not be well imagined. There was evidence adduced contra-

dicting material portions of defendant's testimony. It was conclusively proven that in her testimony she had been in several material respects guilty of the most glaring and flagrant disregard of the truth. Now, viewing the defendant as a witness, what credence could the court attach to her testimony in a case where she is so directly interested? Shall the uncorroborated evidence of a self-confessed prostitute and proven falsifier of the truth be accepted in such case as against the uncontradicted evidence of a husband, not only whose general moral character is good but whose general reputation for truth and veracity is unexceptionable?

The numerous letters introduced in evidence, written by the plaintiff to defendant during the five years preceding their separation, were filled with protestations of the warmest conjugal affection. And even after the plaintiff's suspicions as to the chastity of his wife had been aroused by a newspaper publication, and other circumstances, his letters contained the most convincing proofs that he sincerely cherished the vain hope that his suspicions upon investigation would turn out to be groundless.

The evidence disclosed that the plaintiff was an insurance adjuster who traveled for his company in a number of states receiving quite a liberal monthly salary for his services which seems to have been applied almost exclusively to the support of his wife while she led a life of shame. He seems to have denied himself many of the commonest necessities to the end that his wife might have money to spend without stint. His constancy and devotion to her under the most trying circumstances was such as to excite alike our admiration and commiseration. His letters show that he fondly anticipated that the time would soon come when he could remain in the uninterrupted society of his wife. The evidence shows him to be a thoroughly

reliable and trustworthy man in his business relations. He was an agent to whom was trusted the responsible position of adjusting insurance losses in many states. He distinctly and unequivocally denies in his testimony all the inculpating statements made by the defendant. His letters to her which were produced by her at the trial corroborate much of his testimony. In any view of the case which we are able to take of the evidence under the rules to which we have already referred, we can conclude that the plaintiff connived at the moral turpitude of his faithless wife.

Nor do we think the evidence discloses a condonation of the wife's offenses. There must of course be knowledge of the offenses, as forgiveness cannot take place without it. *Odam v. Odam*, 36 Ga. 286; *Clark v. Clark*, 9 Mass. 331. And there can be no condonation in the absence or proof that the husband cohabited with the wife with the intention of forgiving her, believing her to be guilty. If he did not then thoroughly believe that his wife had been guilty, then there was no condonation. *Ellis v. Ellis*, 4 Swab. & Tr. 154.

Now it may be that the plaintiff cohabited with defendant while she was under suspicion as to her chastity, but it nowhere appears that he did so after he visited Chicago on the sixteenth of December, 1887, to examine into the grounds of his suspicions. It is clear that he was not entirely satisfied whether his suspicions were well founded or not. He went to Chicago to investigate for himself, and after his worst suspicions were confirmed he separated from her, and never cohabited with her again.

We do not find any evidence, direct or inferential, of the fact that, after the plaintiff had knowledge of his wife's unfaithfulness, he so continued his relations with her as to amount to a condonation in law, or forgiveness on his part.

But if there was a condonation of the wife's adulterous conduct prior to December 16, yet the evidence of the wife herself is conclusive that there was afterwards a repetition and continuance of the offense with Whitaker, which constituted a fresh grievance entitling plaintiff to redress, and revived the former offense. The rule is that condonation is but forgiveness on condition of subsequent fidelity, which, if not kept, the rights of the injured party are restored as if there had been no condonation. Bishop on Marriage & Divorce, sec. 372; *Armstrong v. Armstrong*, 32 Mass. 279; *Odam v. Odam*, 36 Ga. 286; *Langdon v. Langdon*, 25 Vt. 678; *Pain v. Pain*, 37 Mo. App. 110.

We think that upon the pleadings the plaintiff is the innocent and injured party, and that the finding and decree should have accordingly been for him. We will, therefore, reverse the decree of the circuit court and order a decree of divorce entered up here in conformity to the prayer of the plaintiff's petition. All concur.