## ELIZABETH MARSHALL

v.

## LEONARD A. MARSHALL.

CHITTENDEN COUNTY, 1892.

Before :   Ross, Ch. J., Munson and Start, JJ.

*Divorce.   Condonation.   What will amount to waiver of.*

1.   Where in a divorce proceeding the petitioner claims that a condonation was obtained by fraud, such fraud must be affirmatively found by the trial court as a fact.

2.   In order to avoid a condonation the petitioner, while not required to establish a new cause of action, must show some act or series of acts, or conduct, on the part of the petitionee, tending to establish some one of the causes for a divorce, so pronounced as to raise a reasonable probability that if the marital relation is continued a new cause for a divorce will be given.

3.   *Held,* That the facts reported by the trial court did not amount to a waiver of the condonation in view of the judgment of that court denying the petitioner a divorce.

Petition for divorce.   Heard at the September term, 1892, Rowell, J., presiding.   The petition was dismissed on the ground of condonation, to which the petitioner excepted.

The court below found the following facts :

"In the fall of 1888, and the early winter of 1888–9, the petitionee treated the petitioner with intolerable severity, and the intolerable severity consisted in his so arranging the coal stove in the sitting room as to permit gas to escape into the room and the adjoining room in which the petitioner slept

separate and apart from her husband; and this he did on three different occasions.  By reason thereof the petitioner suffered serious bodily hurt; for this intolerable severity she preferred her petition for divorce at the April term, 1889, of this court.  The following September, while that petition was pending, the petitionee made overtures of reconciliation; thereupon a reconciliation was effected, under promise on the part of the petitionee that if the petitioner would let him come back and she be his wife again, just the same as she had been, she might have his pocketbook and use the money just as she was a mind to, and he wouldn't say a word; that she might run the inside of the house just as she was a mind to, and he wouldn't say a word; that she might run the stove just exactly as she was a mind to (he never would let her touch it before); that he would settle up all the bills—doctor's bills (the doctor had attended her considerable for sickness caused by suffocation from the gas); and that she might have his papers—the testimony doesn't disclose what papers. He agreed to pay all expense of her living, and to treat her well, as she ought to be treated.  She agreed to withdraw her petition, and subsequently did withdraw it in consideration of his agreement.  He gave her $50 to pay the expenses therefor, which was not enough into $13.50.  They thereupon went to living together again, and continued to live together and cohabit until about Christmas, 1889; after which they occupied different beds, but continued to live together in the same house until about the time this petition was brought, June 7, 1890.

"After this reconciliation the petitionee did not let her have his pocketbook and use the money just as she was a mind to; he refused to let her burn coal, and she bought some herself.  The house in which they lived the while was hers. On one occasion she asked him to get a pint of alcohol, and he wouldn't—told her she had money and to get it herself; he didn't pay her doctor's bills; didn't let her have any

money to spend other than the $50 he gave her to pay the expense of the petition which she withdrew."

*Henry Ballard* for the petitioner.

A condonation is always conditional. *Langdon* v. *Langdon*, 25 Vt. 678; Stewart's Mar. & Div., § 309 and cases cited; *Farnham* v. *Farnham*, 73 Ill. 497.

The same wrongs need not be repeated in order to waive a condonation. 2 Greenl. Ev., § 53; *Robbins* v. *Robbins*, 100 Mass. 150.

*M. A. Bingham* for petitionee.

ROSS, Ch. J. The petitioner, having a good cause for a divorce, and having preferred her petition, was induced to discontinue it, and take the petitionee and·live with him again as her husband, upon certain promises made by him, most of which he has failed to keep. The contention is whether the condonation was procured by fraud; or whether the violations of the promises were of such a character that the condonation is waived, and the petitioner is entitled to rely upon the original cause. The county court has not found that the condonation was procured by fraud. Fraud is a fact to be found by the trial court. The violated promises might have been honestly made. This court, to uphold the judgment of the county court, is to presume they were rather than the contrary, so long as the fact of fraud remains unfound. To waive a condonation the petitioner must establish some act or series of acts, or conduct, on the part of the petitionee tending to establish some one of the causes for a divorce, so pronounced as to raise a reasonable probability that if the marital relation is continued, a new cause for divorce will be given. This, we think, is the fair result of the authorities on this subject. It is not necessary that a new cause shall be established. For if so, the revival of the condoned cause would be of no importance. *Langdon* v.

*Langdon*, 25 Vt. 678. As said in 2 Bishop on Mar. & Div. (6 Ed.) § 58, "The condonation, having presumptively proceeded on evidence of a change of temper, acts short of original cruelty may show that no change did take place; and, while not alone sufficient evidence of danger to the injured party, may make the danger apparent when connected with what went before.". Most of the violated promisns related to giving the petitioner power over the petitionee's pocketbook. While their violation is found, it is not found that the petitionee failed to support the petitioner in a reasonable manner. The original cruelty found arose from his management of the coal stove which warmed her sleeping room. Before the condonation he had not allowed her to touch it. He promised that thereafter she should manage it. It is not found that he has violated this promise otherwise than that he did not furnish her coal to burn in the stove, and that she bought some with her own money. It is not found that he refused to furnish her other fuel to burn in the stove. While his conduct, in not keeping the promises by which he brought about the condonation, is not to be approved, in that it does not indicate much sincere change of temper, yet none of the acts subsequent to the condonation complained of was of such a pronounced character that this court can say, against the judgment of the county court —which has much better opportunity to judge of the weight to be given the new act complained of, found established, than has this court—that a new cause for a divorce would probably be given by the petitionee if the marital relation is continued. Yet this court must be able to say that the new acts complained of are of such a character, in order to find error in the judgment of that court; or, from the facts found this court must infer a fact not found, and that, too, to raise error in the judgment of the trial court. The latter is not the province of this court.

*Judgment affirmed.*