ELLA J. RUDD v. MERRITT F. RUDD.

January Term, 1894.

*Divorce.  Condonation.  What conduct in petitioner is a defence.*

1. The petition was for divorce on the ground of intolerable severity. The court found the fact of intolerable severity, the last act being June 15, 1890, and that the petitioner remained in the house of the petionee until June 23, but that she avoided him as far as possible, and did not resume her marital relations with him. *Held*, no condonation.

2. No conduct upon the part of the petitioner, not amounting to a statutory ground for divorce, is a complete bar in recrimination.

Petition for divorce. Heard at the June term, 1892, Bennington county, Munson, J., presiding. The court dismissed the petition as matter of law and the petitioner excepted.

The following facts were found:

"The testimony of the petitioner tended to show that her husband had been an intemperate man during all their married life, and had been a frequent visitor of liquor saloons, and was often away from home until late at night, sometimes remaining all night; that in 1880 he choked her, without cause, until she was nearly senseless; that on one occasion, in the winter of 1890, he returned home late at night in a state of intoxication and assaulted her with a heavy shoe or rubber while she was in bed; that on one occasion during the same winter, under similar circumstances, he struck her with his hands, without cause or provocation; and that on the 15th day of June, 1890, he

assaulted her with a bamboo cane, and bruised and black-ened her face and other parts of her person. The petitioner testified that this was without cause or provocation, and as there was no evidence to the contrary we find the fact to be so. On the following day the wife made complaint against her husband to the town grand juror of Bennington for as-sault, and a warrant was therefor issued and placed in the officer's hands, which was duly served and the petitionee was duly arraigned thereupon and pleaded guilty thereto, whereupon final judgment of guilty was passed against him and he was sentenced to pay a fine of five dollars and costs, which he paid.

"Petitioner further testified that while these proceedings were pending the petionee returned late one night in a state of intoxication and threatened her life if she did not with-draw the complaint. From said 15th day of June until the day of final separation, which was on the 23d day of the same June, the wife avoided the presence of her husband as far as possible ; sometimes remained in hiding until he had returned at night and then went to her own bed by stealth, and continued this conduct until the day of final separation, as aforesaid. There was no evidence that the parties occu-pied the same sleeping room, or became reconciled in any manner, after the 15th day of June, 1890.

" One ground of defence was that the petitioner had herself violated the marriage contract by committing adultery with one Rounds, who had for some time boarded in the peti-tionee's family, and the petionee's evidence tended to show that the petitioner had, for some months before the separa-tion, entertained an affection for Rounds, and been guilty of indiscreet and questionable conduct in connection with Rounds, not known to the petitionee. On the day of sepa-ration, and shortly before the petitioner left the house, the petitionee found, in a place of concealment, an undelivered letter addressed to Rounds, indicating an adulterous dis-position and purpose, the discovery of which was at once made known to the wife.

"The court failed to find the fact of adultery established, but did find that on the day of final separation, and at the time of leaving, the petitioner had a formed intention to enter upon an adulterous connection with Rounds if circum-stances favored ; but the court found acts of cruel and brutal

treatment to have been committed by the husband when in a state of intoxication, before the petitioner formed this adulterous intention.

"The court found the claim of intolerable severity fully established, and considered the petitioner entitled to a divorce on that ground, unless the fact of the petitioner's remaining at the petitionee's house from the 15th day of June to the 23d day of June, 1890, under the circumstances stated, amounted to a condonation ; or unless the adulterous intention, existing as above stated, constituted such misconduct on the part of the petitioner as would disentitle her to a bill as a matter of law."

*C. H. Darling* for the petitioner.

There was no condonation. 2 Bish., Mar. & Div., s. 269 ; *Keats* v. *Keats*, 1 Swab. and T. 334-346 ; *Langdon* v. *Langdon*, 25 Vt. 678 ; *Ellis* v. *Ellis*, 4 Swab. and T. 154-157 ; *Wilson* v. *Wilson*, 16 R. I. 122, *Quarles* v. *Quarles*, 19 Ala. 363 ; *Armstrong* v. *Armstrong*, 27 Ind. 186 ; *Betz* v. *Betz*, 2 Rob. (N. Y.) 694 ; *Johns* v. *Johns*, 29 Ga. 718.

The conduct of the petitioner does not afford a complete bar in recrimination, for it did not amount to a statutory ground for divorce. *Tillison* v. *Tillison*, 63 Vt. 411 ; 2 Bish. Mar. and Div., s. 381 ; *Olive* v. *Olive*, 1 Hag. 361 ; *Holden* v. *Holden*, 1 Hag. 455 ; *Turton* v. *Turton*, 3 Hag. 338 ; *Dysart* v. *Dysart*, 1 Rob. Ecc. 106, 143 ; *Goodhall* v. *Goodhall*, 2 Lee 384 ; *Homes* v. *Homes*, 2 Lee 116 ; *Sopwith* v. *Sopwith*, 2 Swab. and T. 160 ; *Stone* v. *Stone*, 3 Notes Cas. 278 ; *Bartlee* v. *Bartlee*, 1 Adams 305 ; *Pollock* v. *Pollock*, 71 N. Y. 137-141 ; Graves' Appeal, 37 Pa. St. 443-447 ; *Butler* v. *Butler*, 1 Pars. Sel. Cas. 329 ; *Flavell* v. *Flavell*, 7 C. E. Green 599 ; *Derby* v. *Derby*, 21 N. J. Eq. 36-40 ; *Cummins* v. *Cummins*, 2 M'Carter 138 ; *Moores* v. *Moores*, 16 N. J. Eq. 275 ; *Adams* v. *Adams*, 17 N. J. Eq. 324 ; *Jones* v. *Jones*, 18 N. J. Eq. 33-46 ; *Logan* v. *Logan*, 2 B. Mon. 146 ; *Fishlie* v. *Fishlie*, 2 Litt. 337.

*Sheldon & Cushman* and *Batchelder & Bates* for the petitionee.

TYLER, J.   This case was defended in the court below upon two grounds.   1.   That the cause had been condoned.   2.   That the petitioner had herself violated the marriage contract.

The exceptions present no element of condonation. There was no forgiveness by the petitioner, no promise of future kind treatment by the petitionee and no resumption of marital relations after the assault of June 15, 1890, was committed.   On the contrary, the petitioner avoided the petitionee as much as possible, some of the time hiding from him, though remaining in the house with him until the final separation, which was on June 23, 1890.   *Langdon* v. *Langdon*, 25 Vt. 678.

The wife's misconduct is not a bar to her right to a bill of divorce.   Dereliction by the petitioner, to constitute a complete bar in recrimination, must itself amount to a statutory cause of divorce.   2 Bish. Mar. and Div., s. 38, and cases cited.

*Judgment reversed and bill granted.*

Taft, J., dissents.