MARY A. WARREN *vs.* EDMUND M. WARREN.

JULY 10, 1911.

PRESENT:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Evidence.   Hostile Witness.*

A witness who shows himself hostile may properly in the discretion of the court be asked leading questions and be cross-examined by the party calling him and the court may also interrogate the witness in an attempt to ascertain the truth.

(2) *Evidence.   Compromise.*

Where an attempt to arrange a settlement between husband and wife had been the subject of an extended examination and cross-examination by counsel in a divorce proceeding, objection to other evidence on the ground that the matter was a negotiation for compromise came late, but the whole subject clearly having no influence upon the final decision, the action of the court in admitting and rejecting evidence on the subject did not constitute reversible error.

(3) *Evidence. Confidential Communications.*

Former counsel for petitioner being called by respondent was asked, "Did you at any time make an investigation into the matter while you were counsel for petitioner?" Excluded. Held, error, since it did not call for disclosure of information gained from confidential communications on the part of his client.

"Q. As a result of any investigation made by you what action was taken with reference to prosecuting this case."

*Held,* properly excluded, since the only action witness could take would involve confidential communications with his client, and otherwise the record of the case would furnish ample evidence.

"Q. Did you through any source while acting for petitioner get any knowledge with reference to this matter upon which you relied acting in this case, with reference to eliminating that matter?"

*Held,* properly excluded, since it should have excluded information obtained from petitioner, and because it called for witness's opinion as to the value of the evidence regarding a certain part of the case which was being pressed by her present counsel and also because it was indefinite.

"Q. Did you at any time drop the matter or eliminate it from this case for any reason?"

*Held,* properly excluded, since so far as striking out parts of the petition or bill of particulars the record showed the action taken, and so far as it called for the state of his mind and professional intention which must have depended upon conferences with his client it was improper.

(4) *Findings of Fact by Justice Sitting Without Jury. Review.*

The determination of issues of fact tried before a justice of the superior court sitting without a jury, is entitled to as great consideration as is given to the action of the justice in passing upon the verdict of a jury upon the evidence and the court will not disturb the findings of fact made by a justice in a divorce proceeding unless such findings clearly fail to do justice between the parties.

(5) *Evidence. Suppression of Testimony.*

Suppression of testimony by a party is a matter to be given great weight in reaching a conclusion as to the truth of charges made against such party.

DIVORCE. Heard on exceptions of respondent and over-ruled.

SWEETLAND, J. This cause is a petition for divorce. The petition alleged among other grounds for divorce that the respondent has been guilty of the crime of adultery.

The petition was heard in the Superior Court before Mr. Justice Baker. Said justice gave a decision for the petitioner on the ground of adultery. The cause is before us upon exceptions to certain rulings of the justice made during the trial, and to the decision of the justice granting the petition.

(1)    The respondent excepted to the rulings of the justice permitting counsel for the petitioner to ask certain leading questions of two of the petitioner's own witnesses and to cross-examine them, and also excepted to the action of the justice in interrogating one of these witnesses. There is no merit in these exceptions. It was within the discretion of the court to permit the examination excepted to and also to interrogate the witness upon his own account in an attempt to ascertain the truth. Each of these witnesses, though called by the petitioner, showed themselves either to be hostile to her and deliberately withholding the truth or to be lacking in memory as to the matter of which they were being questioned. In either case the form of examination permitted by the justice was proper. *Hildreth* v. *Aldrich,* 15 R. I. 163.

(2)    The respondent excepted to three rulings of the justice presiding made during the examination of the witness Emily G. Rowe, the first one (numbered 19th of respondent's exceptions) appears to be entirely immaterial; the other two quoted below, related to the efforts of the witness to arrange an interview between the parties. This action at times was referred to by counsel for both parties as an attempt to arrange a settlement of the case and that appears to have been its purpose. This matter, without objection, had been the subject of extended examination and cross-examination by counsel. It was late for either party to object on the ground that the matter was a negotiation for compromise. The whole subject of the attempted settlement clearly had no influence upon the final decision of the justice. We find no reversible error in admitting the question in cross-examination: "What were you, in behalf of

Mr. Warren attempting to get a settlement for?", nor in the exclusion of the question in redirect examination: "Was the question of this money settlement raised until all efforts, all your efforts failed to get the divorce case settled?" We think, however, after the examination which had been permitted the court might well have allowed the latter question to be asked.

Counsel for the respondent called as a witness Edward D. Bassett, Esq., formerly attorney for the petitioner, and examined him with reference to certain alleged occurrences at the Benedict House, in the city of Pawtucket. In his direct examination the witness was asked the following questions, all of which the justice excluded on the ground (3) that the answers must be based upon knowledge which the witness had acquired while acting as counsel for the petitioner. "Q. 13. Did you at any time make an investigation into the matter while you were counsel for Mrs. Warren?" We think that this question was improperly excluded. It does not call for the disclosure of information gained by the witness from confidential communications on the part of his client. It concerns the matter upon which he was employed by the petitioner, but his testimony in regard to it would involve no breach of confidence, and is not privileged. "Q. 14. As a result of any investigation made by you, or through your office, what action was taken by you with reference to prosecuting this case upon the basis of the Benedict House matter?" The only action which the witness would have had authority to take would necessarily involve consultation with his client, and confidential communications between them. If this question calls for a statement of the witness' action with reference to proceedings in court the record of the case before the court furnished ample evidence of that matter. We find no error in this ruling. "Q. 15. Did you, through any source, while acting for Mrs. Warren, get any knowledge with reference to the Benedict House matter, upon which you relied acting in this case, with reference to eliminating that

matter?" In the circumstance of the witness' relations
with the petitioner we think that the question should by its
terms have excluded information obtained from Mrs. Warren.
It also calls for the opinion of the witness as to value of the
evidence regarding a certain part of the petitioner's case
which, whatever may have been the witness' opinion, was
being pressed by her present counsel at · the time of the
trial. The question is also indefinite. We find no error in
the ruling. "Q. 16. Did you at any time, while acting for
Mrs. Warren, drop the Benedict House matter or eliminate
it from this case for any reason?" So far as this question
calls for a statement of the action of the witness in striking
out parts of the petition or bill of particulars, the record
fully shows his action; so far as it calls for the state of his
mind and his professional intention, which must have
depended upon conferences with his client, it was properly
excluded. "Q. 20. Had you taken that action with refer-
ence to the Benedict House matter before that time?"
"Q. 21. Had you dropped the Benedict House matter prior
to that time?" "Q. 22. Was the Benedict House matter
eliminated from the case prior to that time?" These three
questions were properly excluded. "Q. 23. What action,
if any, had been taken by you prior to that time with refer-
ence to Mr. Murray,—Maurice Murray?" The question
is indefinite. Its meaning is undoubtedly explained by the
next question,— "Q. 24. Had you prior to that time dropped
Mr. Murray as a detective or otherwise in this case?" The
witness was permitted to answer question 24. We find no
error in the exclusion of question 23. "Q. 31. What was
the last duty or act performed for you by Mr. Murray?"
"Q. 64. Was Mr. Murray employed by you to do Court
duty?" "Q. 65. Had you employed Mr. Murray for the
purpose for which you asked him to act for you, as you have
stated to the gentlemen on the other side on your cross-
examination?" "Q. 70. Did Mr. Murray do any services
for you, or Mrs. Warren, in this case, after securing the
affidavit of Claff and Bennett on file in this case?" These

questions do not call for a reply which involved any confidential communications between the witness and his former client. We are of the opinion that they should not have been excluded.

Although the witness should have been permitted to answer questions 13, 31, 64, 65 and 70, the refusal of the justice to admit this testimony does not constitute reversible error. The matter involved in these questions could have had little weight upon the determination of the case in any event; and furthermore, these matters were fully developed in the testimony of other witnesses. The information sought by the last four questions could have been furnished by Maurice Murray himself, who was in the employ of the respondent during the time of the trial, and could have been called as a witness for that purpose.

The respondent has also urged before us a number of exceptions to the ruling of the justice excluding certain questions asked of the witness Russell W. Richmond, Esq., admitting a certain question to the witness Edward A. Carter, and admitting in evidence a certain plan of the respondent's house at Silver Spring. We find no merit in any of these exceptions.

(4) The respondent also excepted to the decision of the justice granting the petition. The justice presiding after a very careful review of the evidence has found the allegation of adultery supported by the testimony. After an examination of the transcript we see no reasons for setting his finding aside. He saw the witnesses as they testified before him, he had an opportunity to determine the credence which should be given to them, such as this court does not have. The court has frequently said that it will give great weight to the determination of a justice of the Superior Court, sitting with a jury, when he approves or sets aside the verdict of the jury upon the evidence. His own determination of issues of fact tried before him without a jury is entitled to as great consideration. This court will not disturb the findings of fact made by a justice of the Superior Court in a

divorce case unless such findings clearly fail to do justice between the parties.  We think that the evidence fully warrants the finding of the justice that the respondent acting through his attorney, a member of the bar of another state, did suppress testimony of the petitioner, and by improper methods deprived her of the assistance of certain witnesses who would otherwise have given important testimony in support of her petition.  This circumstance the justice was entitled to consider of much importance in reaching a conclusion as to the truth of the charge of adultery.  Such methods and such a course of action should count heavily against the respondent and, as the justice says in his decision, "are not consistent with a real confidence in the merits of one's case."

All the respondent's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Henry W. Hayes, Richard E. Lyman,* for petitioner.

*Irving Champlin, James Harris, H. N. Allin, John Burke,* for respondent.