# NEHRBASS *v.* NEHRBASS.

### DIVORCE; CONDONATION.

1. A decree dismissing a bill by the husband for a divorce for alleged adultery by his wife was *affirmed* on the ground that the charge had not been sustained.

2. Where a husband condoned an offense by his wife which would have been ground for divorce, upon condition that she would obey him and be a good and faithful wife to him and perform her household duties, and the subsequent failure of the wife to fulfil such conditions was as much his fault as hers, it was *held* in a suit by him for divorce that he could not invoke the rule as to revival of condoned offenses.

No. 2938.   Submitted October 10, 1916.   Decided November 14, 1916.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill for divorce.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District dismissing appellant's bill for an absolute divorce.

According to the averments of the bill, the marriage took place in November, 1903, and the couple lived together in the District of Columbia until March, 1911, when appellee, Julia Nehrbass, deserted appellant, Louis P. Nehrbass, "without any cause or excuse whatsoever and has not since returned." Acts of infidelity are alleged to have occurred in November and December of 1914.

In her answer appellee denied that she had been guilty of such acts, and further averred that she and her husband "lived together happily as man and wife until about the 8th day of February, 1911, when she, with the consent of the plaintiff,

went to Buffalo, New York, to visit her mother; that while there she received a letter from the plaintiff stating that he had broken up their home and had stored the furniture, and that she should not return to him;" that he thereafter refused to renew their conjugal relations or to make satisfactory provision for her support.

*Mr. E. B. Frey, Mr. A. B. Madison,* and *Mr. E. L. Gies* for appellant.

*Mr. J. B. Green* for appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Hearing was in open court, and the learned trial justice, after a careful review of the evidence, reached the conclusion that the charge of adultery had not been sustained. We have reached the same conclusion. It would serve no useful purpose to discuss the evidence in detail, and we shall not do so.

One other question requires brief notice. Evidence was introduced tending to show that a year or more prior to the separation appellee admitted an act of infidelity and begged appellant to forgive her. This he says he did, upon the condition that "she would obey him and be a good and faithful wife to him and perform her household duties. It is insisted that the conditions of the condonation were broken or not fulfilled, and hence that the original cause for divorce was revived. See *Fisher* v. *Fisher,* 93 Md. 298, 48 Atl. 833; *Robbins* v. *Robbins,* 100 Mass. 150, 97 Am. Dec. 91; *Langdon* v. *Langdon,* 25 Vt. 678, 60 Am. Dec. 296, and *Gordon* v. *Gordon,* 88 N. C. 45, 43 Am. Rep. 729. The trial justice found, and we concur in the finding, that if there was any failure on the part of appellee to fulfil the above conditions, the fault lay with appellant as much as with her, in other words, that appellant was in no position to invoke the rule as to revival of condoned offenses. The court directed attention to the fact that, although in his bill appellant had stated under oath that his wife had deserted him, he was obliged, in view of

the statements in his letters, which were produced at the trial, to admit that she did not; that, on the contrary, he was responsible for the separation, and that at the time those letters were writen he found no fault with the conduct of his wife subsequent to the condonation. We think it apparent that the contention now made as to the revival of the original right of divorce is an afterthought, born of the consciousness that the averments of the bill had not been sustained by the proof.

The decree is affirmed, with costs.              *Affirmed.*