ETHEL D. SAYLES vs. JAMES P. SAYLES.

APRIL 5, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Divorce. Evidence.*

Evidence in a petition for divorce as to acts of personal violence on the part of respondent's father which were committed in the presence of respondent and apparently with his acquiescence and approval, was properly admitted.

*(2) Divorce. Evidence.*

Evidence in a petition for divorce of the family physician that he attributed the impaired health of petitioner to her home life which she had described to him, admitted as a part of the history of the case, was proper.

*(3) Divorce. Exceptions.*

In considering the decision of the trial court in a petition for divorce, the appellate court will not undertake to pass upon questions of fact which are peculiarly within the province of that court and reverse its decision unless such decision is clearly wrong.

*(4) Divorce. Condonation.*

Condonation to be effective must be voluntary and intentional. Such intention may be expressed in words or may be implied from the acts

of the injured party, and while there might be a presumption of sexual cohabitation and therefore of condonation from the fact that the petitioner occupied the same bed with her husband for a brief period after the final act of cruelty, such presumption may be rebutted.

(*5*)  *Divorce.   Condonation.*

Where it appeared that after swearing to a petition for divorce and for custody of her children, petitioner returned to her home and attended to her household duties and slept in the same bed with her husband, but without any act of sexual intercourse between them, intending to go to her mother's home as soon as service of the papers should secure to her the custody of her children, the fear of being deprived of her children was a sufficient excuse for the acts of petitioner, whch not being intended as an expression of forgiveness would not amount to condonation.

DIVORCE. Heard on exceptions of respondent and overruled.

VINCENT, J.   The petitioner filed her petition for divorce on July 11, 1916, and upon a hearing thereon in the Superior Court the same was denied.   The petitioner then brought her bill of exceptions to this court where, after hearing the parties and duly considering the questions presented, a new trial was granted.   The conclusions of this court as expressed in its rescript granted a new trial may be found in 100 Atl. Rep. 246.

The case was again heard in the Superior Court in April, 1917, the petition was granted on the ground of extreme cruelty and the petitioner was awarded the custody of her children and alimony.

The case is now before us upon the respondent's bill of exceptions.   These exceptions are three in number.   The first two relate to rulings of the court denying motions of the respondent to strike from the record certain questions and answers, and the third to the granting of the petition for divorce on the ground of extreme cruelty.

The first exception relates to certain testimony of the petitioner as to some acts of personal violence on the part of (1) the respondent's father which were committed in the presence of the respondent and apparently with his acquiescence and approval.   The second exception deals with the testimony

(2) of the family doctor who testified that he attributed the impaired health of the petitioner to her home life which she had described to him. The trial court permitted this testimony to stand, not as hearsay but as a part of the history of the case. We do not find any merit in these exceptions. Under the third exception the respondent argues that the decision of the trial court in granting a divorce to the petitioner on the ground of extreme cruelty was contrary to the law and the evidence in the case. He claims (1) that the evidence is not sufficient to establish the charge of cruelty and (2) that even assuming the alleged acts of cruelty to be proven the petitioner has, by her conduct, condoned the fault.

(3) As this court said in its former decision, *Sayles* v. *Sayles,* 100 Atl. Rep. 246: "It is the well-established practice of this court that we will not undertake to pass upon questions of fact, which are peculiarly within the province of the trial court, and reverse the decision of that court unless such decision is clearly wrong." We think that the record discloses testimony sufficient to support the finding of the trial court that the respondent has been guilty of extreme cruelty and therefore we cannot say that such finding is wrong.

As the respondent says in his brief, referring to the question of condonation, "We come now to the real and most important consideration involved in this case." It appears that the petitioner signed and made oath to her petition for divorce and for the custody of her children on July 8, 1916; that the same was filed in court on July 11, 1916. The petitioner also filed on the same day, July 11, 1916, a petition for counsel fees, allowance for the support of herself and children, for the custody of her children, and for an injunction restraining the respondent from any interference with her or her children pending the hearing upon her petition for divorce. Citations were issued upon both petitions and were served the same day, July 11, 1916. The citation issued upon the last mentioned petition notified the respondent that he might appear before the court on July 15, 1916,

and show cause why the prayer of the petition should not be granted, such citation including an *ex parte* order awarding the petitioner the temporary custody of her children and enjoining him as prayed.

After swearing to her petition for divorce and her petition for allowance, custody of children, etc., on July 8, 1916, the petitioner returned to her home where she remained until the service of the citations upon said respondent on July 11, 1916, performing her usual household duties and occupying her husband's bed. During this period, however, both parties swear positively that there was no sexual intercourse and that owing to the temporary physical condition of the respondent such intercourse would have been impossible. As soon as the citations were served the petitioner left her husband's home and with her children went to the home of her mother. The petitioner does not claim any acts of cruelty subsequent to the date of the petition. The facts in the cause so far as they relate to the question of condonation are not in dispute.

The petitioner denied that in returning to and remaining (4) in her husband's home from July 8 to July 11 she had any intention of condoning his offences, but that on the contrary she was fully determined to prosecute her suit for a divorce and that had she not been fearful that her husband might do something to deprive her of her children she would not have so returned but would have gone to her mother's house at once.

Condonation is forgiveness. To be effective it must be voluntary and intentional. Such intention may be expressed in words or it may be implied from the acts of the injured party. In the present case there might be a presumption of sexual cohabitation and therefore of condonation from the fact that the petitioner occupied the same bed with her husband for a brief period after the final act of cruelty of which she complains. Such presumption, however, may be rebutted. *Wilson* v. *Wilson*, 16 R. I. 122; *Burns* v. *Burns*, 60 Ind. 259; *Danforth* v. *Danforth*, 88 Me. 120; Keezer on Marriage and Divorce, § 250.

The testimony is conclusive that no sexual intercourse took place and therefore any claim of condonation must necessarily be based upon some other ground. All that remains for consideration, upon this question, is the fact that the petitioner attended to her household duties and slept in the same bed with her husband, at the same time intending to go to her mother's house as soon as the service of the necessary papers should secure to her the temporary custody of her children and protect her from the respondent's interference. That such was her real intention is confirmed by her application for the injunction referred to and by her immediate departure from her husband's home on July 11 after service upon him had been made.

It has been held that residing in the same house and even occupying the same room will not effect a condonation if the marital relations were not resumed and there was no intention to forgive the fault. *Brown* v. *Brown*, 164 Ill. App. 589; *Rudd* v. *Rudd*, 66 Vt. 91; *Toulson* v. *Toulson*, 93 Md. 754. We think that under all the circumstances of the case the petitioner would be likely to fear that her husband might in some way attempt to deprive her of her children should she temporarily leave them in his sole charge, and that such fear would be a sufficient excuse for her action which not being intended as an expression of forgiveness would not amount to condonation.

The respondent's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*James B. Littlefield*, for petitioner.

*Thomas Curran, Fitzgerald & Higgins*, for respondent.