CATHERINE G. WRIGHT *vs.* DAVID WRIGHT.

NOVEMBER 30, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)   *Divorce.   Continued Drunkenness.*

Testimony that for a period of about four and a half months respondent was intoxicated three Sundays in each month and was occasionally under the influence of liquor on the afternoon preceding the Sunday on which he was intoxicated, and except on two occasions the degree of intoxication was not stated and during the entire time respondent worked regularly, fails to establish a case of such gross and confirmed habits of intoxication as to amount to continued drunkenness within the meaning of those words as used in Gen. Laws 1923, sec. 4213.

(*2*)   *Divorce.   Exceptions.*

The action of the court in granting a petition for divorce on one ground amounts to a refusal to grant it upon any other ground charged in the petition and where no exception was taken to the refusal to grant it on the other ground, the latter charge is not before the court.

DIVORCE.   Heard on exception of respondent and sustained.

RATHBUN, J.   This is a petition for divorce from bed and board.   The cause was heard by a justice of the Superior Court who granted the petition on the ground of continued drunkenness and is now before us on the respondent's exception to the decision of said justice granting said petition.

Until about two years before the case was heard in the Superior Court the parties resided in Scotland where the

respondent conducted a saloon and automobile business. The only evidence as to the respondent's habits before he came to this country was that he was "a heavy drinker". The intoxication complained of was confined to a period of four and one half months at the end of which the parties separated.   Before settling in Rhode Island the parties lived in New York for a period of six months.   It is admitted that during this time and the first two or three weeks after the parties moved to Rhode Island the respondent did not drink intoxicating liquors to excess.   The testimony of the petitioner and of her two children was to the effect that for about four and one half months the respondent was intoxicated on three Sundays in each month and was occasionally under the influence of liquor on the Saturday afternoon preceding the Sunday on which he was intoxicated. No other person testified as to seeing the respondent under the influence of liquor.   Except as to two occasions, the degree of intoxication was not stated.   What the respondent's habits were for a period of several months after the separation and before the petition was preferred does not appear.   It was admitted that the respondent worked regularly during the period complained of.   Two of his fellow-workmen who visited the home of the parties more or less frequently testified that they never saw the respondent when he was intoxicated.

Assuming the testimony of the petitioner and the two children to be true, the proof fails to establish a case of such gross and confirmed habits of intoxication as to amount to continued drunkenness within the meaning of these words as used in § (4213), Gen. Laws, 1923.   See *Gourlay* v. *Gourlay*, 16 R. I. 705; *Bevan* v. *Bevan*, 44 R. I. 12.

In addition to the charge of continued drunkenness the petition contained an allegation that the respondent had treated the petitioner with extreme cruelty.   At the hearing in this court the petitioner's counsel argued that the petitioner was entitled to a decision on the ground of extreme cruelty.   The action of the trial justice in granting the

petition on the sole ground of continued drunkenness amounted to a refusal to grant the petition on any other ground and, as no exception was taken to the refusal to grant the petition on the ground of extreme cruelty, the question argued by petitioner's counsel is not before us. If the question was before us we would be compelled to agree with said justice that the charge of extreme cruelty had not been sustained. The acts of cruelty complained of consisted of abusive language addressed to the petitioner while respondent was under the influence of liquor. There was no proof that said language affected the petitioner's health or would even have a tendency to do so. See *Grant* v. *Grant*, 44 R. I. 169; *Hurvitz* v. *Hurvitz*, 44 R. I. 478.

The petitioner may appear before this court, if she shall see fit, on December 4, 1925, at ten o'clock a. m., and show cause, if any she has, why an order should not be made remitting the case to the Superior Court with direction to dismiss the petition.

*William E. Reddy*, for petitioner.
*Francis J. O'Brien*, for respondent.