EVELYN M. MEEGAN *vs.* FRANK C. MEEGAN.

FEBRUARY 19, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action for divorce, in which the sole grounds relied upon at the trial are extreme cruelty and desertion. After a trial in the superior court on the merits of the case a decision was entered for the petitioner on the former ground only and the case is now before us on only one exception, taken by the respondent to this decision.

The attorney for the respondent stresses the proven facts that, before the filing of this petition, the petitioner had filed against this respondent four successive petitions for divorce, on the sole ground of extreme cruelty, on which allowances for her support *pendente lite* had been granted by the court and paid by the respondent; that each of the first two of these petitions had been discontinued by her without a trial; that there had been a trial on the third and a decision had been entered in her favor; that during the period of six months, before the expiration of which no final decree of divorce could be entered, the parties had become reconciled and had resumed marital relations, for some months, at least; that the fourth petition had been pending about six years, without a trial, and then was discontinued by her for the purpose of filing the present petition, containing the additional ground of desertion.

We cannot see that these facts have any material bearing on the question now pending before us. The most that can, with any reason, be claimed for them, in favor of the respondent, is that they might perhaps have some influence on the mind of the justice before whom this case was tried, in passing on the question of the weight to be given by him to the testimony of the petitioner herself. We may fairly assume that he took them into consideration on that question and gave to them any weight to which they were reasonably entitled, since there is nothing to indicate that he did not do so.

The only decisive question before us is whether his decision for the petitioner was contrary to the law or clearly contrary to the evidence. *Warren* v. *Warren,* 33 R. I. 71, 80 A. 593; *Sayles* v. *Sayles,* 41 R. I. 170, 103 A. 225; *Grant* v. *Grant,* 44 R. I. 169, 116 A. 481. The petitioner testified that the respondent used to hit her and choke her and at different times twisted her arm until she thought it was broken. She further testified that at one time she consulted a physician because she was bruised all over from a beating by the respondent, her nose being so badly bruised that she thought it was broken; and that the next day he "punched" her in the nose again.

Her daughter by a former husband testified that several times she had seen the respondent twist the petitioner's arm and strike her. Her son by the former marriage testified that in his presence on one night the respondent, after an argument, struck the petitioner and twisted her arm and walked out and did not come back that night. He said that, so far as he knew, his mother had not given the respondent any reason for treating her in this manner; and his sister gave similar testimony.

The respondent denied all this testimony and complained that the petitioner was always "nagging" at him and refused at times to cook his meals, and made life with her unbearable to him. She testified in rebuttal that there was no truth in these complaints and she was corroborated to some extent by her children.

All of the testimony in support of the ground of extreme cruelty was very general in its nature, without any statements of what led to the alleged cruel acts by the respondent or where any of them occurred. Not even approximate dates are given. Those that occurred before the last period when the parties maintained marital relations were clearly condoned by the petitioner, provided that the respondent was not guilty of any actual cruelty to her during that period.

There is no clear or definite testimony that any such cruelty occurred during that period. If there was any, it may have occurred only near the beginning of that period. in which case it was apparently condoned by the continuance of marital relations for a considerable time afterwards. In this connection, it should be noted that such relations were terminated, not by the petitioner, but by the respondent, who as she testified simply packed his valise and left and never returned.

There was testimony which tended to show mental cruelty by him toward her, but it did not cause her to leave him and there was no evidence of any resulting injury to her health.

Accepting all the testimony in her favor as correct and rejecting all the testimony opposed to her, we are still of the opinion that the alleged ground of extreme cruelty was clearly not supported by the evidence.

No express ruling was made by the trial justice on the ground of desertion, which also was alleged in the petition and relied on by the petitioner at the trial; and no exception was taken by her to the failure of the trial justice to grant her petition on that ground also. In a similar situation it was held that the ground upon which no ruling was made by the trial justice was not before this court. *Wright* v. *Wright,* 47 R. I. 114, 131 A. 81.

The respondent's exception is sustained. The petitioner may appear before this court, if she shall see fit, on March 7, 1938, and show cause, if any she has, why an order should not be made remitting the case to the superior court with direction to dismiss the petition.

*Arthur P. Johnson,* for petitioner.

*Daniel A. Colton,* for respondent.